LINNIE W. LEWTER, BY R. T. WAY, HER NEXT FRIEND, FRED. A. LEWTER, HER HUSBAND, AND BRAXTON BEACHAM, APPELLANTS, vs. ALICE PRICE AND JEHU S. PRICE, HER HUSBAND, APPELLEES.

1. Promissory notes and a mortgage securing the same cannot be enforced on the basis of a different consideration from the one for which they were given.

2. Where there is not only irreconcilable conflict in the testimony of the opposing parties, but the negotiations between them as set out in the evidence seem to support the conclusion reached by the Chancellor, his decree should be affirmed on appeal.

Appeal from the Circuit Court for Orange county.

The facts of the case are stated in the opinion of the court.

*Walter A. Way* for Appellants.

The court below should have granted a decree of foreclosure, and not have dismissed bill, because facts show that mortgage and notes were given to secure the payment of a sum agreed upon between complainants and respondents, as commissions, and for services rendered in the purchase of a certain forty acre lot.

The court below virtually held that the mortgage and notes were *nudum pactum* and contract incomplete.

Complainants (appellants) claim contract was complete so far as they were concerned, and that mortgage and notes had a valuable consideration, to-wit : For commissions, removal of a mortgage from off home place, and negotiating loan, all at instance and for the benefit of respondents (appellees).

What is a valid consideration ?

That which is of benefit to the promisor, or injury, loss or disadvantage to the promisee, and which accrues at the request or on the motion of the promisors. See 1 Parsons on Contracts, sec. 7, p. 445 ; 21 Fla., C. M. Jones vs. H. E. McCallum, 392 ; 16 Fla., Lenno, Jesup & Co. vs. Roberts, p. 738.

The facts show an agency for special purposes.

The purchase of the forty acres, the removal of the mortgage and the negotiating of loan.

For the purchase, although the services were never completed, yet he should recover, if failure was the act of the principals. See Breggs vs. Boyd, 56, N. Y., (11 Sick.) 289, 294 ; Durkee vs. Vermont Railway Co., 27 Ver., 127 ; Gillespie vs. Welder, 99 Mass., 170 ; Duty vs. Miller, 43 Barb., 529 ; Keys vs. Johnson, 68 Penn. St., 42 ; Glenworth vs. Luther, 21 Bark., 145 ; Simmons vs. Kessick, 4 Daly, 143 ; Tyler vs. Parr, 52 Mo., 249 ; Jones vs. Adler, 34 Md., 440 ; Phelan vs. Gardner, 43 Cal., 306 ; Lincoln vs. McCatcher, 36 Conn., 136 ; 1 Waite Actions and Defences, 270.

An agent may act for two parties unless principal repudiates within a reasonable time. Glenwood vs. Spring, 54 Barb., 375 ; 1 Waite A. & D., 248.

When he acts as middleman, entitled to compensation from both parties. 1 Waite, 248.

Right to married woman to make note and mortgage her separate property.

Failure of consideration cannot effect Linnie W. Lewter, an innocent purchaser for value.

*J. H. Lord* for Appellees.

RANEY, C. J.: This case is one of a bill in equity to foreclose a mortgage given to secure two promissory notes executed by the appellees, Mrs. Price and her husband, Jehu S. Price. The mortgage covers two pieces of land in Orange county, one of which may be aptly designated as Mrs. Price's home place, and the other as the forty acre tract.

The title of the forty acre tract stood in the name of Judge Spear, under a deed of trust which had been made to him by A. M. Hyer. Frederick A. Lewter, the husband of Linnie W. Lewter, and Braxton Beacham, both of whom are appellants, were in the real estate business, under the style of Lewter & Beacham, at Orlando, in Orange county, and had been authorized by the trustee to sell the forty acre tract of land. They were to have as their commissions or compensation for selling, any sum they might realize over and above $1,500. The sale was to " net " the trustee $1,500.

Though not a material consideration under the view we take of the case, the negotiations detailed by the witnesses, show that Mrs. Price, and not her husband was to be the purchaser. Price and his wife did not have the ready money with which to pay for the forty acre tract, and there being two mortgages on the " home place," one of which they could not arrange to satisfy or at least cause to be cancelled on the records of the county, the party, Mr. Porter, who was to lend $1,500, refused to let them have the money on a mortgage they had executed covering both places and delivered to him for his principal, Mrs. Wilson, for this purpose. Several months having passed without a consumma-

tion of the sale, the trustee, who had executed a deed conveying the forty acre tract, which deed was in the hands of his attorney to be delivered on the payment of the $1,500, declared the trade off about January 1st, 1887, the time limited for its consummation. Subsequently Price and wife and Mr. Porter made an adjustment by which that instrument was to be retained by Porter to secure him an amount sufficient to cover interest on the money for the time it had been kept idle by the pendency of the negotiations, which interest Price and wife had originally agreed to pay, as well as $49, the amount due him as fees for the loan, and for recording mortgage and other expenses, the whole amounting to $156.00.

Price and wife also executed on September 17th, 1886, two promissory notes, each for the sum of $250, one payable to Mrs. Lewter, and the other to Beacham, and a mortgage on both tracts of land to secure their payment, and it is to foreclose this mortgage that the bill before us has been filed.

The contention of the appellants, whose bill had been dismissed by the chancellor, is that these notes were given in consideration of services rendered for Mrs. Price, by Lewter & Beacham in negotiating the purchase of the forty acre tract and in securing the loan of $1,500 mentioned above. This is denied by appellees, whose position is that there was in fact no consideration for the notes and mortgage, and that the same were never to be operative until or unless the purchase of the forty acre tract should be consummated.

It is clear from the testimony in behalf of the appellants that two thousand dollars is the lowest price at which Lewter & Beacham ever offered the forty acre tract to Price or his wife. According to Lewter's testimony, he was in Price's shop about the last of May, and Price told him that he would like to buy a small piece of land near town, and

that if he saw or heard of a cheap and desirable place to let him know. The next day Lewter called on Price and told him of this forty acre tract which Lewter & Beacham "had," and that the owner valued it at $2,500 or $3,000, but they, Lewter & Beacham, could "sell it to him for $2,200." Some time after this Lewter asked Price to go and see the land, and took him out to look at it, and Price expressed himself as satisfied with the price, and promised to call and see Lewter & Beacham about it. In two or three days Lewter called on Price, who told him that he thought $2,200 too large a price, and that he had failed to realize money which he had stated in their first interview another gentleman was raising for him. To this Lewter replied that he could arrange it so that Price could get the land for $2,000, and that $1,500 was to be paid to the trustee of Hyer; and Price said he would see his wife and advise her to buy, even if she had to mortgage her home place. The next day Lewter, Mrs. and Mr. Price and another person rode out to the land and she stated to Lewter that she was satisfied to make the purchase that day, but would talk the matter over and let him know next morning. Lewter told her that $1,500 cash would be necessary to pay the trustee of the property, and the "balance of $500, that we would arrange." She remarked that she had no way of raising the money except mortgaging her home, and that she knew of no one who had the money to loan. During Lewter's next conversation with Price the latter told the former that his wife had decided to make the purchase if Lewter & Beacham could "help them raise the money," and Lewter replied that Lewter & Beacham could get the money on the home place and the forty acres, and that if they, Lewter & Beacham, could not do any better they would take a second mortgage on the same property for the $500. Mr. Porter after examining the property with Lew-

ter & Beacham, agreed to make the loan, and they notified Mr. and Mrs. Price that the money was ready, and that the papers had been prepared, and that Porter said he did not have time to examine the abstract, but would do so at his earliest opportunity. Lewter saw Price during the same day and was informed by him that his wife was making preparations to visit some friends in Georgia, and that if the business could not be fixed up before she went, it would have to wait until she returned. This was in July, and the papers were not executed till in September, and after her return from Georgia, when the $1,500 papers were turned over to Porter, and the others to Lewter & Beacham, who notified Mrs. Price that the deed to the forty acre tract was ready for delivery. After this Lewter & Beacham were informed by Porter that Poyntz, the cashier of a bank in Orlando, held a mortgage on the home place, on which there was a balance of $88 due. Poyntz told Lewter & Beacham to get Mr. Price to give his note for that amount, and that if they would endorse the note he would transfer the mortgage to Lewter & Beacham, and that Lewter & Beacham again notified Mr. and Mrs. Price that they had arranged the mortgage with Mr. Poyntz, and that the trustee of the property was anxious to have the matter closed up, and then Lewter & Beacham were informed by Porter that there was still another mortgage against Mrs. Price's property which would require $600 or $700, and that this mortgage must be cancelled before he could let the money go; and Price said the mortgage had been cancelled and paid by his wife's brother, and Lewter told Price that the record should show it, and Price said he had written his brother-in-law in reference to cancelling the mortgage, but he had refused to do so.

It is true that Lewter & Beacham state in their testimony that Mr. and Mrs. Price were to pay them, or they

were to have, the $500, or the notes and mortgage representing the same, for their services in purchasing the land and negotiating the loan, but the evidence nowhere satisfactorily shows that it was even agreed between them and Mr. and Mrs. Price that these services were to be rendered for the latter in consideration of said sum or evidences of debt. There is in evidence a receipt given by Lewter & Beacham, agents for Spear, trustee, and Hyer, for $25, "part payment" of the land, describing it "belonging to A. M. Hyer, (J. G. Spear, trustee). Balance of purchase money, $1,975, to be paid on receipt of the deed." Lewter says that at the time of writing this paper the amount of $2,000 was to be paid in cash; and that failing to realize more than $1,500 on the property in cash, they "took the second mortgage for the amount due them for commissions and services rendered, the same being a part of the $2,000."

The defendants in their testimony state positively that they never employed Lewter & Beacham to purchase the land for them, or to negotiate a loan for them, and never agreed to pay them anything as commissions for their services in selling them the land or for negotiating a loan for the purchase of the place. They also say that the notes and mortgages were to remain void until the money was received. Price says Lewter came to his shop and offered to sell him the forty acre tract.

Porter says that by agreement between himself, Price and Lewter & Beacham, the money was not to be paid until the mortgage on the home place was satisfied and the deed delivered.

In view of the irreconcilable conflict in the testimony of Lewter & Beacham on the one hand, and that of Price and wife on the other, and the absence from the remaining evidence, which it is unnecessary to detail here, of anything showing error in the conclusion reached by the chancellor,

we can, under the rule controlling in such cases, do nothing but affirm the decree. We must be satisfied that there is error in a decree before we can reverse it. Fuller vs. Fuller, 23 Fla., 241 ; Nooe vs. Garner, 70 Ala., 443 ; Wilkinson vs. Searcey, 74 Ala., 243 ; McKinne et al. vs. Dickenson et al., 24 Fla., 366 ; S. C. 5 So. Rep., 34. We may, however, say that independent of this rule, and considering the whole testimony, we are unable to reach any other conclusion than that the meaning and effect of dealings between the defendants and Lewter & Beacham was, that if the money could be raised on the $1,500 mortgage, the trade should be consummated and the notes and mortgages binding, but not otherwise. They were made to this end and not with a view of being presently operative. Lewter & Beacham have failed to show satisfactorily that they were the agents or in the employ of Mr. and Mrs. Price to purchase the land for them, or were to be paid by them with the notes and mortgage now sued on for obtaining the loan. If Lewter & Beacham have any right of action against defendants for services in connection with the sale of land or for obtaining a loan of money, it is not on these notes or this mortgage. Neither a note nor a mortgage can be enforced on the basis of a consideration other than that for which it was given. Tunno vs. Roberts, 16 Fla., 738.

If we exclude from our consideration the testimony of Lewter, as inadmissible because of the fact that he testifies in behalf of Mrs. Lewter, and that of Price for a similar reason as to Mrs. Price, our conclusion is not changed or shaken.

Mrs. Lewter is not an assignee for value, but is the original payee of the note payable to her.

The decree is affirmed.