WILLIAM BOTHAMLY AND A. M. BOTHAMLY, *Appellants*, v. J. H. QUEAL, *Appellee.*

1. The finding of a chancellor that an agent committed a fraud upon his principal will not be disturbed when supported by the evidence, especially when the defense in evidence differs from that pleaded by the agent.

2. The act of the clerk in entering judgment for costs *pro forma* against husband and wife, when directed specifically by the court to enter the judgment against the husband alone is a self correcting misprision.

This case was decided by Division A.

Appealed from the Circuit Court for Volusia County.

The facts in the case are stated in the opinion of the court.

*Thomas E. Wilson,* for Appellants;

*Massey & Warlow,* for Appellee.

COCKRELL, J.—This is a bill by Queal against Bothamly and wife, setting up the exclusive employment of Bothamly to locate cypress lands for the complainant, the purchase during the employment by Bothamly in the name of his wife of certain cypress lands from the State and praying that the wife be declared to hold the title to these lands in trust for Queal. The separate answers of Bothamly and wife aver in effect that the lands were purchased with the wife's money and were located by her through another agent while Bothamly was under his employment locating lands for Queal in another part of the State. Testimony was taken and there was decree for the complainant.

The evidence having disclosed that Bothamly personally conducted the negotiations for the purchase of the lands from the State, sending his own check in payment, and directing first that the deeds be made to one William Laws and then changing to Mrs. Bothamly and that her alleged agent was employed by Queal through Bothamly, the defense shifted and contradicts the answer, it being then claimed that the location occurred several weeks prior to the inception of the employment.

No attempt is made to explain the discrepancy between the defense as pleaded and its abandonment and the change of front as presented in the evidence and we are impressed with the thought that it was caused only by

the exigencies of the case. The good faith required of agents toward their principals, the length of time between the supposed location and the attempt to get the State's deed for lands known by Bothamly to be readily saleable for many times the purchase price, his concealment and absence of candor in failing to disclose the owner's name when the lands were finally shown to Queal, the paying for the property with his own money and having the deed made out to his wife, even though there be evidence that he was in her debt, and other suspicious circumstances in the record, forbid our upsetting the finding of the Chancellor upon the facts.

The act of the clerk in entering judgment for costs *pro forma* jointly against husband and wife, when directed specifically by the court to enter the judgment against the husband alone is a mere misprision correcting itself and will not cause reversal.

The decree is affirmed.

WHITFIELD, C. J., and SHACKLEFORD, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.