CHRIS THEISEN, *Appellant*, v. E. B. WHIDDON *et al.*, *Appellees.*

1. A decree in equity should be construed with reference to the proceedings had, and if it can be so interpreted as to comport with proper proceedings in equity it may be sustained if it is supported by the evidence submitted by all parties.

2. Under the old equity practice a replication to a plea in equity admits the legal sufficiency of the plea as a defense to the entire bill of complaint, and puts in issue the averments of the plea. If the plea be proven a dismissal of the bill followed without reference to equities alleged but not met by the plea.

3. The equity rule providing that "if upon an issue the facts stated in the plea be determined for the defendant, they shall avail him as far as in law and equity they ought to avail him," enables a complainant to obtain relief that would under the old equity practice be denied him where upon replication filed the truth of the plea is proven. The rule allows the averments of the plea to avail the defendant "as far as in law and equity they ought to avail him," and no further.

4. Where a decree in effect allows a plea to avail the defendant as far as in law and equity it ought, the decree will not be reversed where there is no error on the merits.

5. While the findings and conclusions of a chancellor, where the testimony is not taken before him, but before a master or examiner, by reason whereof he is not afforded an opportunity of seeing and hearing the witnesses, are not entitled to the same weight as the verdict of a jury, yet even in that case they should not be disturbed by an appellate court, unless they are clearly shown to be erroneous.

6. In equity, as well as at law, every presumption is in favor of the correctness of the ruling of the trial judge, and a decree rendered by him based largely or solely upon questions of fact will not be reversed, unless the evidence clearly shows that it was erroneous.

7. Where a municipality has authority to require land owners therein to construct sidewalks adjacent to their property, and under a valid ordinance a land owner is notified to make the improvement and that in default thereof it will be done by the municipality and a statutory lien therefor acquired on the property, and upon non-observance of such notice the municipality by contract has the sidewalk put down, the statutory lien may be enforced where there is a substantial compliance with the contract and it is not made to appear that the improvement as made is unsuited to its purpose and not of practical value.

8.  A land owner who disregards a proper notice to make a lawfully required improvement or it will be done by the municipality at his expense, cannot successfully resist the acquisition of an authorized statutory lien for the improvement if it is made in substantial compliance with a valid contract, and the improvement is not unsuited to its purpose.

9.  Where, in a proceeding in equity to declare and enforce a lien for improvements ordered by a municipality, the court could have found from the evidence that the character of the improvement was in substantial compliance with the contract therefor lawfully made, and there is no issue that the improvement is not suited to its purpose or is of no practical value as such, a decree enforcing a lien for the contract amount less a reduction for deficiencies in the work will not be reversed, where no material errors of law or procedure appear.

This case was decided by Division A.

Appealed from the Circuit Court for Escambia County.

The facts in the case are stated in the opinion of the court.

*John C. Avery,* for Appellant;

*Blount & Blount & Carter,* for Appellees.

WHITFIELD, C. J.—The appellees, the City of Pensacola and its contractors, filed a bill in equity in the Circuit Court for Escambia county to declare and enforce a lien against the property of the appellant for sidewalk improvements. A plea was filed denying that the complainants had in all things complied with the ordinances of the city and the laws of the State in directing, ordering and constructing the sidewalk and that the sidewalk was constructed in ac-

cordance with the contract and ordinances and laws in that it was provided by the terms of the contract that the sidewalk should have a layer of concrete with a thickness of four (4) inches and that the wearing surface of the side- walk should be one (1) inch thick, whereas in fact the sidewalk constructed did not contain a layer of concrete with a thickness of four (4) inches and did not have a wearing surface of one (1) inch thick. A replication to this plea was filed and testimony taken before an exam- iner. At the hearing on bill, plea, replication and testi- mony the court rendered a decree overruling the plea and ordering that as the defendant did not desire to further plead or answer, the bill be taken as confessed, and, finding the equities to be with the complainants, decreed a lien for the amount of the claim less 10% for deficiencies in the work, and for attorney fees, and ordered a sale of the property to enforce this lien. On appeal it is urged that the decree is erroneous in overruling the plea and in rendering the decree for complainants. Cross errors are assigned under the rule on the deduction of 10% for defi- ciencies in the work.

The decree should be construed with reference to the proceedings had, and if it can be so interpreted as to com- port with proper proceedings in equity it may be sustained if it is supported by the evidence as submitted by all par- ties. See Pearson v. Helvenston, 50 Fla., 590, 39 South. Rep., 695; Stackpole v. Hancock, 40 Fla., 362, 24 South. Rep., 914, 45 L. R. A., 814.

Under the old equity practice a replication to a plea in equity admits the legal sufficiency of the plea as a defense to the entire bill of complaint, and puts in issue the aver- ments of the plea. If the plea be proven a dismissal of the bill followed without reference to equities alleged but not met by the plea. See 18 Ency. Pl. & Pr., 685; Pearce v.

Rice, 142 U. S., 28, 12 Sup. Ct. Rep., 130; Hughes v. Blake, 6 Wheat. (U. S.) 453, text 472.

Equity Rule 50 provides that: "If upon an issue the facts stated in the plea be determined for the defendant, they shall avail him, as far as in law and equity they ought to avail him." U. S. Equity Rule, 33, Dewhurst's Rules of Practice in U. S. Courts, 369. This rule enables a complainant to obtain relief that would under the old practice be denied him where upon replication filed the truth of the plea is proven. Westervelt v. Library Bureau, 118 Fed Rep., 824. The rule allows the averments of the plea to avail the defendant "as far as in law and equity they ought to avail him," but no further. The old technical rule of procedure that a plea proven avoids the bill without reference to equities, upon the theory that by filing a replication to a plea the complainant rests the case entirely on the truth of the plea, has been modified. Under the rule the facts averred in a plea if proven avails not to dismiss the bill, but to avoid the equities alleged in the bill as far as in law and equity they should. The decree appealed from in effect allowed the plea to avail the defendant as far as in equity it ought in the judgment of the court to avail him as a defense to the equities alleged. This interpretation being put upon the decree, it should not be reversed unless there is error on the merits.

While the findings and conclusions of a chancellor, where the testimony is not taken before him, but before a master or examiner, by reason whereof he is not afforded an opportunity of seeing and hearing the witnesses, are not entitled to the same weight as the verdict of a jury, yet even in that case they should not be disturbed by an appellate court, unless they are clearly shown to be erroneous. In equity, as well as at law, every presumption is in favor of the correctness of the ruling of the trial judge,

and a decree rendered by him based largely or solely upon questions of fact will not be reversed, unless the evidence clearly shows that it was erroneous. Sarasota Ice, Fish & Power Company v. Lyle & Co., 58 Fla., 517, 50 South. Rep., 993.

Where a municipality has authority to require land owners therein to construct sidewalks adjacent to their property, and under a valid ordinance a land owner is notified to make the improvement and that in default thereof it will be done by the municipality and a statutory lien therefor acquired on the property, and upon non-observance of such notice the municipality by contract has the sidewalk put down, the statutory lien may be enforced where there is a substantial compliance with the contract and it is not made to appear that the improvement as made is unsuited to its purpose and not of practical value. A land owner who disregards a proper notice to make a lawfully required improvement or it will be done by the municipality at his expense, cannot successfully resist the acquisition of an authorized statutory lien for the improvement if it is made in substantial compliance with a valid contract, and the improvement is not unsuited to its purpose. See 3 Page on Contracts, Chapters 1385–8; People *ex rel.* Raymond v. Whidden, 191 Ill., 374, 61 N. E. Rep., 133, 56 L. R. A., 905 and notes.

Under the averments of the plea the lack of the specified thickness appears to be the important deficiency, therefore the real value of the sidewalk, if otherwise constructed in substantial compliance with the contract, may be ascertained and equitably enforced, in the absence of a defense that because of the deficiency in thickness the sidewalk is not suited to its purpose and not of practical value.

The city engineer testified in effect, that he supervised the work, personally examined some of it, and regarded

the work as a substantial compliance with the contract, though it is in effect conceded that the required thickness was not complied with to the extent of at least a half inch and that in some places particularly on the edges the thickness was a little more than three-fifths of the requirement. There is corroborative evidence that except in the thickness of the material as laid down the sidewalk is in substantial accordance with the contract, though there is evidence of very great deficiencies in the work. The court could have found from the evidence that the character of the construction was a substantial compliance with the contract, even though a reduction was made in the contract price for deficiencies in the work. The evidence fully justifies a reduction of 10% for such deficiencies and the cross assignments of error must fail.

As there is evidence to sustain the finding for the complainants, and as it does not clearly appear from the whole record that the decree is erroneous on the facts there must be an affirmance, and it is so ordered.

SHACKLEFORD and COCKRELL, J. J., concur.

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.