Viser v. Willard *et al.*—Syllabus.

J. H. VISER, *Appellant,* v. C. A. WILLARD AND HENRY L. COE, *Appellees.*

1.  In a suit in equity, where no replication to the answer is filed but the parties proceed as though the case was at issue, such omission will be deemed to have been waived.

2.  The granting and continuing of restraining orders or temporary injunctions rests largely within the sound judicial discretion of the trial court, to be governed by the circumstances of the case, and an appellate court will not interfere with the exercise of this judicial discretion, unless an abuse thereof is clearly made to appear.

3.  In cases where there is a plain, adequate and complete remedy at law, a resort to a court of chancery is unnecessary and improper.

4.  While the findings and conclusions of a chancellor, where the testimony is not taken before him but before a master or examiner, by reason whereof he is not afforded an opportunity of seeing and hearing the witness, are not entitled to the same weight as the verdict of a jury, yet even in that case they should not be disturbed by an appellate court, unless they are clearly shown to be erroneous.

5.  In equity, as well as at law, every presumption is in favor of the correctness of the rulings of the trial judge, and a final decree rendered by him based largely or solely upon questions of fact will not be reversed, unless the evidence clearly shows it to be erroneous.

This case was decided by Division A.

Appealed from the Circuit Court for Manatee County.

The facts in the case are stated in the opinion of the court.

*Jno. B. Singletary* and *J. H. Viser in pro per.* for Appellant;

*Sparkman & Carter* for Appellees.

SHACKLEFORD, J.—On the 14th day of June, 1901, the appellant, as complainant in the court below, filed his bill in chancery against the appellees, as defendants. Very succinctly stated, it was alleged in the bill that the complainant was seized and possessed of certain described parcels of land, situated in the county of Manatee and that the defendants were also seized and possessed of a certain parcel of land, situated near the lands belonging to the complainant, that by reason of the cutting and opening up of certain ditches upon the parcel of land owned by the defendants and connecting the same with a large and deep ditch situated upon the lands of the complainant such a large volume of water was caused to flow from the lands of the defendants into such large and deep ditch as to exceed its capacity, as a result whereof a portion of the lands of the complainant was overflowed and submerged and great damage inflicted by the destruction of his growing crop of corn thereon and the prevention of his customary use of certain of his lands for cultivation and pasture purposes. The prayers of the bill were for a temporary and perpetual injunction, also a mandatory injunction, for damages and for general relief.

On the 18th day of June, 1901, the defendants filed their sworn answer, the bill expressly calling for an answer under oath, wherein practically all the equities of the bill were denied. On the first day of July, 1901, the cause came on to be heard upon the bill of complaint, affidavits filed in support thereof and the answer of the defendants, for a temporary injunction, whereupon an order was made denying such restraining order and referring the cause to a master in chancery to take the testimony therein and "assess the damages sustained by complainant." Our attention is called to the fact that no replication was ever filed to the answer. Voluminous testimony was taken

before the master, who reported the same to the court together with the following findings:

"2nd.   I find from said testimony that complainant has sustained a loss of four hundred and forty (440) dollars by reason of the flooding and overflowing of his lands by defendants as alleged in the bill of complaint in said cause.

3rd.   I find that the said flooding and overflowing of said lands of complainant by defendants was a nuisance and an injury to complainant, and that complainant is entitled to have the same abated."

On the 2nd day of June, 1905, the court made an order to the effect that the case be referred back to the master for the taking of additional testimony on behalf of the defendants, sixty days being allowed for that purpose and the complainant being allowed thirty days thereafter for the taking of testimony in rebuttal.   The court also ordered "that the findings of the master heretofore made be stricken."

Much additional testimony was then taken by the respective parties, and on the 24th day of October, 1905, the master filed his report, submitting such evidence and which report contained the following statement:

"In obedience to the order of the court requiring the master to assess the damages sustained by the complainant, I have ascertained from the evidence in said cause that the damages sustained by complainant amount to the sum of $440.00, and do accordingly assess the damages sustained by complainant in said cause at $440.00.   The testimony taken under the recent order of the court containing no evidence as to the amount of the damages sustained by complainant, the master finds no reason for changing the amount of damages as set forth in his former report."

On the 10th day of July, 1909, the court rendered a final decree, dismissing the bill of complaint and taxing the costs against the complainant. From this decree the complainant has entered his appeal to this court.

It may be well to state that the bill seems never to have been attacked by demurrer. Many objections were interposed by the respective parties to questions propounded to witnesses and a number of motions made to strike out answers given by witnesses. The master was not empowered to pass upon any of these matters and made no attempt to do so. As such objections and motions do not appear even to have been brought to the attention of the circuit judge or to have been passed upon by him, we cannot consider them. See Dallam v. Sanchez, 56 Fla., 779, 47 South. Rep., 871, and prior decisions of this court therein cited. We would further state that it is not made to appear to us why this suit should have remained pending in the court below from June, 1901, to July, 1909, before it was terminated there by the rendering of a final decree. As to the fact that no replication was filed it is sufficient to say that this court has held that such omission was waived by the respective parties proceeding as though the case was at issue. June v. Myers, 12 Fla., 310, and Crump v. Perkins, 18 Fla., 353. Also see Fletcher's Eq. Pl. & Pr., section 356, where a number of authorities are cited in note 30. We call attention, however, to the fact that it is irregular and improper practice to refer a suit in chancery to a master for the purpose of taking testimony therein before all the issues are properly made up. Sarasota Ice, Fish & Power Co. v. Lyle & Co., 53 Fla., 1069, 43 South. Rep., 602.

It is contended by the appellants that the court erred in refusing to grant the temporary injunction or restraining order. This court has repeatedly held that both the grant-

ing and continuing of injunctions rests largely within the sound judicial discretion of the court, to be governed by the circumstances of the case, and that an appellate court will not interfere with the exercise of this judicial discretion, unless an abuse thereof is clearly made to appear. Simms v. Patterson, 53 Fla., 984, 43 South. Rep., 421, and Holt v. Hillman-Sutherland Co., 56 Fla., 801, 47 South. Rep., 934. Also see Godwin v. Phifer, 51 Fla., 441, 41 South. Rep., 597, for a general discussion of the principle and a collection of the prior decisions of this court. We fail to find any abuse of discretion in the refusal of the restraining order. As to any damages which the complainant might have sustained by reason of the alleged acts of the defendants, so far as is made to appear to us, he could have obtained full redress in an action at law. Also see Barnett v. Hickson, 52 Fla., 457, 41 South. Rep., 606.

It is further contended by the complainant that the court erred in striking the findings of the master and opening the case for the further taking of testimony. As was held in White v. Walker, 5 Fla., 478, "a master must not go beyond the matters referred to him; if he does, his report, so far as relates to that matter, is a nullity." Also see Harris v. Ferris, 18 Fla., 84, text 102. We have also held that the enlarging or extension of the time for taking testimony in an equity suit rests within the sound discretion of the lower court and that an appellate court will not disturb its ruling, unless an abuse of such discretion is made to appear. Long v. Anderson, 48 Fla., 279, 37 South. Rep., 216; Lykes v. Beauchamp, 49 Fla., 333, 38 South. Rep., 603; Braxton v. Liddon, 55 Fla., 785, 46 South. Rep., 324. We are of the opinion that this assignment has not been sustained upon either point.

The complainant also contends that the court erred in

rendering a final decree in favor of the defendants and in dismissing the bill of complaint. We have given the pleadings and all the evidence adduced a careful reading and examination and after doing so, are of the opinion that this contention must likewise fail. See Sarasota Ice, Fish & Power Co. v. Lyle & Co., 58 Fla., 517, 50 South. Rep., 993.

Having been unable to find any reversible error, the final decree appealed from must be affirmed.

WHITFIELD, C. J., and COCKRELL, J., concur.

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.