THE BANK OF JASPER, A CORPORATION, *Appellant,* v. S. S. TUTEN, *et al., Appellees.*

1. It is the duty of the appellant or plaintiff in error to make the errors of which he complains clearly to appear, every presumption being in favor of the correctness of the rulings of the trial court.

2. Where a party executes a promissory note in payment for personal property sold to him and expressly states therein that the title to or ownership of such property shall remain in the vendor until such note is paid, and the debtor not only fails to pay such note but absconds, the vendor has the legal right to take possession of such property.

3. While the findings and conclusions of a chancellor, where the testimony is not taken before him, but before a master or examiner, by reason whereof he is not afforded an opportunity of seeing and hearing the witnesses, are not entitled to the same weight as the verdict of a jury, yet even in that case they should not be disturbed by an appellate court, unless they are clearly shown to be erroneous.

4. In equity, as well as at law, every presumption is in favor of the correctness of the rulings of the trial judge, and á final decree rendered by him, based largely or solely upon questions of fact, will not be reversed, unless the evidence clearly shows that it was erroneous.

This case was decided by Division A.

Appealed from the Circuit Court for Hamilton County.

The facts in the case are stated in the opinion of the court.

*C. A. Stephens* and *A. B. & C. C. Small,* for Appellant;

*B. B. Johnson* and *P. H. Sandlin,* for Appellee.

SHACKLEFORD, J.—The Bank of Jasper, a corporation, filed its bill in chancery against S. S. Tuten, and others, seeking to foreclose a mortgage alleged to have been executed by S. S. Tuten upon certain described personal property to secure the payment of a promissory note executed by Tuten to the complainant. Among other things, the bill alleges that Tuten had been engaged in operating a shingle mill near the town of Jasper but had become financially involved and had absconded, leaving his property without care or protection, that certain creditors had instituted actions of attachment against Tuten and that by virtue of the writs of attachment issued therein the sheriff had taken possession of some of Tuten's property. P. H. Sandlin and certain other named parties were made co-defendants with Tuten, it being alleged in the bill that such co-defendants claimed some right or interest in the mortgaged property, but that all of such rights and interests were subordinate and inferior to the mortgage lien of the complainant.

A decree *pro confesso* was entered against Tuten. P. H. Sandlin and Henry Amerson, two of the defendants, filed their joint and several answer to the bill. It would seem that certain other named defendants also filed their answers, but they are not copied in the transcript. One of the allegations in the bill was that the defendant P. H. Sandlin, prior to the institution of the suit, had wrongfully taken into his possession and custody three of the mules described in the mortgage and had sold the same, wherefore it was prayed that such defendant be required to account for the same. In his answer Sandlin denies that Tuten ever acquired the ownership of three of the mules described in the bill of complaint and the mortgage or that he had the right or authority to mortgage the same, but, on the contrary, avers that such mules belonged

to Sandlin individually, who had sold the same to Tuten conditionally, with the understanding that the title thereto was to remain in Sandlin until Tuten had fully paid off the purchase price therefor, which Tuten had not done. There is no occasion to set forth the other averments in the answer, which contained the usual general denial found in such a pleading. A general replication was filed to this answer, which replication was also addressed to the answers filed by the other defendants, and the cause was referred to an examiner to take the testimony of such witnesses as might be produced before him by the respective parties.

The cause came on for final hearing upon the pleadings and the evidence taken therein, and a final decree was rendered therein, wherein it was found, among other things, that the equities in part were with the complainant and in part with Sandlin. We copy the following paragraph of the decree:

"It further appears to the court, and the court so finds from the evidence taken in this cause, that prior to the execution of the complainant's mortgage upon the two mules described, that the said mules were the property of the defendant, P. H. Sandlin, and that prior to the execution of said mortgage, the said P. H. Sandlin sold and delivered the said mules to the said firm of Tuten & Duncan, conditionally, that afterwards, G. W. Duncan, a member of the said firm of Tuten & Duncan, withdrew therefrom, conveying his interest in said firm to S. S. Tuten herein, and the said S. S. Tuten thereupon becoming the possessor of said mules; that the sale by the said Sandlin to the said Tuten & Duncan was a conditional sale; that the said Sandlin retaining the right, title to and ownership of said mules till the notes were paid, and

if not paid at maturity, said Sandlin's right to take possession of said mentioned mules to him was."

It is obvious that some word or words, is omitted at the end of this paragraph, but we copy it as it appears in the transcript. We can readily gather what was intended. The equities were found to be with the complainant as against all the other defendants. It is further recited in the decree that a receiver had been appointed "for the purpose of taking possession of the mortgaged property, and who in fact did take possession of the same under the order of the court, and make sale thereof," such sales aggregating the sum of $700.00. Then follows the order as to the disbursement of such amount. The complainant has appealed from this final decree and has assigned several errors, all of which question the correctness of the decree in finding that any of the equities were with Sandlin as against the complainant, consequently that is the only point upon which we are called to pass.

We are not advised as to just what portions of the mortgaged property the receiver took possession and sold but it is clear that he did not take possession of the mules which Sandlin averred in his answer belonged to him. The testimony is somewhat confused. In his answer Sandlin avers that three of the mules described in the bill and mortgage belonged to him, having been sold by him conditionally to Tuten, who had not complied with the conditions of the sale, by fully paying for them, so as to acquire the ownership thereof. In the testimony taken before the examiner, Sandlin was first interrogated as to two mules, which he had conditionally sold to Tuten, and then later was interrogated as to four mules which he had so sold, none of which are described or identified further than they were "Called the Stewart Mules." Sandlin further testified that Tuten had never fully paid for any of them

so as to acquire the title and that he had re-taken possession of all four of them, had sold them and applied the proceeds arising therefrom to the balance due for their purchase price as well as to certain other indebtedness due from Tuten to him. In his testimony Sandlin, in response to a question as to whether he had obtained possession "of the two mules involved in this case," replied in the affirmative. It is not clear whether the other two mules were involved in the suit or not, but, as the decree refers to only two mules, we would infer not. We have time and again declared that it is the duty of the appellant or plaintiff in error to make the errors of which he com-. plains clearly to appear. See McKinnon v. Lewis, 60 Fla. 125, 53 South. Rep. 940; Baker & Holmes Co. v. Indian River State Bank, 61 Fla. 106, 55 South. Rep. 836; Danson v. State, decided here at at the present term.

We find upon an inspection of the different notes exe-. cuted by Tuten to Sandlin, which were filed in evidence, that it is expressly stated that the "right, title to and ownership of four mules, the property for which this note is given shall remain vested in P. H. Sandlin or bearer, till this note is paid, and if not paid at maturity, the holder of this note has the right to take possession of said four mules without any process of law." There can be no question that the mules were conditionally sold by Sandlin to Tuten. See Campbell Printing Press & Manuf'g Co. v. Walker, 22 Fla. 412, 1 South. Rep. 59; Smith v. Hope, 47 Fla. 295, 35 South. Rep. 865; Scotch Mfg. Co. v. Carr, 53 Fla. 480, 43 South. Rep. 427. The case of American Process Co. v. Florida White Pressed Brick Co., 56 Fla. 116, 47 South. Rep. 942, 16 Ann. Cas. 1054, is well in point. Tuten having failed to discharge the indebtedness due Sandlin, as evidenced by such notes, never acquired the title to or became the owner of the mules in ques-

tion, and, Tuten having absconded, Sandlin had the legal right to take possession of the mules, sell them and apply the proceeds to the payment of Tuten's indebtedness to him. The chancellor properly found that the equities were with Sandlin and against the complainant as to such mules. No error has clearly been made to appear to us. See Baxter v. Liddon, 62 Fla. 428, 56 South. Rep. 410, and prior decisions of this court there cited.

The decree must be affirmed.

WHITFIELD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.