T. H. EDNEY, *Appellant,* v. MINNIE McCASKILL STINSON, *Appellee.*

Division A.

Opinion Filed October 16, 1925.

1. The rule is well settled that the decree of a chancellor resting solely upon findings of fact, although there may be conflicts in the evidence, will not be disturbed by an appellate Court unless clearly shown to be erroneous.

2. There appears in this record sufficient competent evidence to support the decree appealed from.

An Appeal from the Circuit Court for Okaloosa County; A.. G. Campbell, Judge.

Affirmed.

*William Fisher*, for Appellant;

*S. K. Gillis*, for Appellee.

WEST, C. J.—This is an appeal from a final decree rendered by the Circuit Court of Okaloosa County. It involves the right of the complainant, who is the appellee in this court, and her representatives, to an easement over a strip of land, twelve feet in width, lying north of and adjoining certain described lots in Camp Walton, Florida, one of which lots is owned by complainant, by which easement she may be afforded ingress and egress to and from the rear of such lot.

In the brief for appellant it is stated that all the assignments of error raise the question of whether the appellee has made out her case and established, by a preponderance of the evidence, her right to any interest or easement in the strip of land in controversy.

The only question to be determined is one of fact. In the brief of appellee the statement is made that the evidence was taken in the presence of the chancellor, and that, after all the witnesses had testified, he, by agreement of counsel, personally examined the premises.

To attempt, in an opinion, a summary of the evidence submitted, would probably give little comfort to counsel, and could, in the nature of things, serve no useful purpose as a precedent, since a future similar case, in essential details, is remote.

There are some conflicts in the evidence, but they are more inferential than direct. And a decree, resting solely

on questions of fact, will not be disturbed, unless the evidence shows that it is clearly erroneous. Travis v. Travis, 81 Fla. 309, 87 South. Rep. 762; Hill v. Beacham, 79 Fla. 430, 85 South. Rep. 147; Davidson v. Collier, 75 Fla. 783, 78 South. Rep. 983; Brickell v. Town of Ft. Lauderdale, 75 Fla. 622, 78 South. Rep. 681; Kirkland v. City of Tampa, 75 Fla. 271, 78 South. Rep. 17; Shad. v. Smith, 74 Fla. 324, 76 South. Rep. 897; Simpson v. First National Bank, 74 Fla. 539, 77 South. Rep. 204; Baggett v. Otis, 65 Fla. 447, 62 South. Rep. 362; Millinor v. Thornhill, 63 Fla. 531, 58 South. Rep. 34; Robinson Point Lbr. Co. v. Johnson, 63 Fla. 562, 58 South. Rep. 841; West v. Daniels, 57 Fla. 548, 49 South. Rep. 154; City of Jacksonville v. Huff, 39 Fla. 8.

There is sufficient competent evidence in the record to support the decree, so it must, under the rule announced, be affirmed.

Affirmed.

ELLIS AND TERRELL, J. J., concur.

WHITFIELD, P. J., AND STRUM AND BROWN, J. J., concur in the opinion.