O. Helland v. Sadie Snow Evans, *et al.*

152 So. 623.
Division A.
Opinion Filed January 30, 1934.

*A. S. Bussey,* for Appellant;

*C. D. Blackwell,* for Appellee.

Ellis, J.—This is an appeal from a final decree adjudging the equities in the cause to be with the defendant Sadie Snow Evans and dismissing the amended bill of complaint in a cause wherein the complainant O. Helland sought the enforcement of a mortgage lien against the property of Mrs. Evans consisting of a lot of land and improvement thereon constituting her home in Delray, Florida.

Mr. and Mrs. Evans had signed a mortgage upon the property purporting to secure the payment of two promissory notes signed by Mr. Evans. The defense interposed by Mrs. Evans was that she was the owner of the land mortgaged and that she had not acknowledged the execu-

tion of the mortgage before any officer authorized to take the acknowledgment of deeds, nor did she execute it in the presence of two witnesses.

The case presents a question of the sufficiency of the evidence to support the chancellor's finding. A rule which this Court has observed from its earliest history is that a chancellor's finding and conclusion on facts will not be disturbed unless the evidence shows clearly that such finding and conclusions are erroneous. See Waterman v. Higgins, 28 Fla. 660, 10 South. Rep. 97; Fuller v. Fuller, 23 Fla. 236, 2 South. Rep. 426; Lewter v. Price, 25 Fla. 574, 6 South. Rep. 439; Bothamly v. Queal, 58 Fla. 396, 50 South. Rep. 415; Viser v. Willard, 60 Fla. 395, 53 South. Rep. 501; Theisen v. Whiddon, 60 Fla. 372, 53 South. Rep. 642; Bank of Jasper v. Tuten, 62 Fla. 423, 57 South. Rep. 238; Dixon Lumber Co. v. Jennings, 63 Fla. 405, 57 South. Rep. 615; Terra Ceia Estates v. Taylor, 68 Fla. 261, 67 South. Rep. 169; McGill v. Chappelle, 71 Fla. 479, 71 South. Rep. 836; Farrell v. Forest Inv. Co., 73 Fla. 191, 74 South. Rep. 216; Hill v. Beacham, 79 Fla. 430, 85 South. Rep. 147; Sandlin v. Hunter, 70 Fla. 514, 70 South. Rep. 553; Shad v. Smith, 74 Fla. 324, 76 South. Rep. 897; Edney v. Stinson, 90 Fla. 335, 105 South. Rep. 821.

Where the evidence is conflicting the finding of the chancellor will not be disturbed unless such finding is clearly shown to be erroneous is a mere corollary to the rule announced above, because the chancellor must consider the evidence, weigh its probative value and determine from the spoken words of the witnesses and such documents as are offered in evidence the truth of the given proposition under consideration by him. If the finding which he makes from the conflicting statements of witnesses is to be disturbed it

must be because the evidence considered in its entirety is clearly irreconcilable with the conclusion reached by him.

In cases where a person executed a deed of conveyance or mortgage appears before the officer taking the acknowledgment the certificate is deemed to be conclusive of the facts recited in it and cannot be impeached except for fraud or duress. The certificate in such circumstances is a quasi-judicial act and is conclusive in the absence of fraud or duress which must be supported by proof of the clearest, strongest and most convincing character. See Bank of Jennings v. Jennings, 71 Fla. 145, 71 South. Rep. 31; Rausch v. Equitable Life Assurance Society of United States, 77 Fla. 846, 82 South. Rep. 295; Hutchison v. Stone, 79 Fla. 157, 84 South. Rep. 151.

In the latter case the Court held that the acknowledgment of the married woman that she executed the instrument must be in person before the officer taking the acknowledgment, unless the acknowldgment is taken in that manner the officer is without authority under the statute, and that acknowledgment by the married woman over a telephone wire when she is not present with the officer is not a proper acknowledgment. In such case, said the Court, the officer, who in that case was a woman, was not acting within her jurisdiction, authority or power, and her certificate is ineffectual to show that the mortgage was duly executed. See also Robinson v. Bruner, 94 Fla. 797, 114 South. Rep. 556.

The original mortgagee is the complainant in this case. There is no question of fraud involved here except that which may be inferred from a statement in a certificate of acknowledgment which is not correct. It is simply a case of absence of jurisdiction of the officer who made the certificate. She, herself, drew the distinction between a

falsehood, deceit and a mistake. Her certificate recites that Mr. A. G. Evans, one of the parties to the mortgage, "this day acknowledged before me."

As a matter of fact, Mr. Evans, so the evidence shows, was in the city of Atlanta, Georgia, all that day and could not possibly have appeared before her at the hour when the acknowledgment was supposed to have been taken. The certificate also recited that "Sadie Snow Evans joined by her husband, A. G. Evans, to me personally known, this day acknowledged before me that they executed the foregoing mortgage."

The young woman who made the certificate, when questioned about that statement, said it was not a falsehood, she merely "omitted" to strike out the name A. G. Evans. Yet that transaction adds no strength to the presumption of regularity, if any exists.

We do not regard a discussion of the evidence to be of any value. Mrs. Evans testifies positively, and her testimony is supported by a corroborative evidence, that she did not appear before Miss Hand, the notarial officer; that she was not in the office of Mr. Adams when Mrs. Evans went there to sign the deed and when, according to the certificate, she made the acknowledgment, nor was it on the day stated in the certificate when she signed the mortgage.

There was also evidence that Miss Hand was in the habit of doing this sort of thing.

As the chancellor found that Mrs. Evans had not acknowledged the execution of the mortgage as the statute contemplates, he properly dismissed the bill of complaint.

The decree appealed from is affirmed.

DAVIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.