EULA FRANCES GILBERT v. J. M. GILBERT.

178 So. 405.

Division B.

Opinion Filed January 22, 1938.

*S. Colquitt Pardee, S. Colquitt Pardee, Jr.,* and *Mattie W. Tompkins,* for Appellant;

*M. R. McDonald,* for Appellee.

CHAPMAN, J.—On March 10, 1936, plaintiff below, appellee here, filed in the Circuit Court of Highlands County, Florida, a bill for divorce against his wife, Eula Frances Gilbert. It was alleged in the bill of complaint that the defendant, Eula Frances Gilbert, had habitually indulged in a violent and ungovernable temper which rendered cohabitation intolerable and life oppressive and burdensome, and because of these facts the health of the plaintiff had been injured. The defendant answered the bill of complaint and denied each and every the material allegations thereof and the cause was referred to a Special Master for the taking of testimony at Sebring, Florida. The same was considered or heard before the Honorable W. J. Barker on the 16th day of March, 1937, who entered a decree dissolving the bonds of matrimony and requiring the plaintiff to pay the sum of $15.00 per month as alimony, attorney's fees and court costs, and the defendant being dissatisfied therewith appealed the cause to this Court and assigns as reversible error the decree dated March 16, 1937.

The question for consideration by this Court is whether or not the evidence is sufficient to sustain the final decree appealed from. The record shows that each party offered several witnesses who gave material testimony for each party. It is true that the evidence in some instances on material points is in sharp conflict, but considering the probative weight and value of the testimony as a whole, we cannot conclude that the lower court erred in entering the decree appealed from. See Nolen v. Nolen, 121 Fla. 130, 163 So. 401.

We have not overlooked the many authorities cited by counsel to the effect that an appellate court cannot reverse the findings of a Chancellor on facts unless it has been made to appear that the findings are clearly erroneous when considering all the evidence.

In the case of Holland v. Evans, 113 Fla. 839, text pp. 840-41, 152 So. 621, this Court said:

"The case presents a question of the sufficiency of the evidence to support the chancellor's finding. A rule which this Court has observed from its earliest history is that a chancellor's finding and conclusion on facts will not be disturbed unless the evidence shows clearly that such finding and conclusions are erroneous. See Waterman v. Higgins, 28 Fla. 660, 10 South. Rep. 97; Fuller v. Fuller, 23 Fla. 236, 2 South. Rep. 426; Lewter v. Price, 25 Fla. 574, 6 South. Rep. 439; Bothamly v. Queal, 58 Fla. 396, 50 South. Rep. 415; Viser v. Willard, 60 Fla. 395, 53 South. Rep. 501; Theisen v. Whiddon, 60 Fla. 372, 53 South. Rep. 642; Bank of aJsper v. Tuten, 62 Fla. 423, 57 South. Rep. 238; Dixon Lumber Co. v. Jennings, 63 Fla. 405, 57 South. Rep. 615; Terra Ceia Estates v. Taylor, 68 Fla. 261, 67 South. Rep. 169; McGill v. Chappelle, 71 Fla. 479, 71 South. Rep. 836; Farrell v. Forest Inv. Co., 73 Fla. 191, 74 South. Rep.

216; Hill v. Beacham, 79 Fla. 430, 85 South. Rep. 147; Sandlin v. Hunter, 70 Fla. 514, 70 South. Rep. 553; Shad v. Smith, 74 Fla. 324, 76 South. Rep. 897; Edney v. Stinson, 90 Fla. 335, 105 South. Rep. 821.

"Where the evidence is conflicting the finding of the chancellor will not be disturbed unless such finding is clearly shown to be erroneous is a mere corollary to the rule announced above, because the chancellor must consider the evidence, weigh its probative value and determine from the spoken words of the witnesses and such documents as are offered in evidence the truth of the given proposition under consideration by him. If the finding which he makes from the conflicting statements of witnesses is to be disturbed it must be because the evidence considered in its entirety is clearly irreconcilable with the conclusion reached by him."

The record fails to disclose error and for this reason the decree appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.