GUSTAVA D. ANDERSON, *et vir,* joined by ARTHUR GARDNER, *et ux.,* v. SANDQUIST CONSTRUCTION CO., INC., ACE ELECTRICAL SERVICE, a partnership composed of EUGENE F. HOLLAND and JOHN W. LAMBIE, BAKER CONSTRUCTIONS CO., WALTON FLOORING CO., and A. H. RAMSEY & SONS, INC.

180 So. 372.
Division B.
Opinion Filed February 28, 1938.
Rehearing Denied April 25, 1938.

*McKay, Dixon & DeJarnette,* for Appellants;
*Paul C. Taylor,* for Appellees.

CHAPMAN, J.—On June 5, 1936, the Sandquist Construction Co., Inc., filed in the Circuit Court of Dade County, Florida, a suit to foreclose a labor and materialman's lien against Gustava D. Anderson and husband, John W. Anderson, Arthur Gardner and wife, Susan Gardner. Other creditors and lien holders applied to the court for an order

of intervention and each application was duly granted. The bill of complaint claimed a net balance due it by the owner in the total sum of $12,009.62. The prayer of the bill is that the property be sold to satisfy the balance due for material and labor.

Defendants in their answer insist that it was agreed upon between the parties that the entire job should be completed for a sum not to exceed $15,861.00; that a contract for the work was signed between the parties prior to beginning the work. Testimony was taken before a Special Master with authority to make findings as to law and facts, and, after taking all the testimony, reported to the court that the equities should be decided in favor of the plaintiff; that the defendants were due plaintiff the sum of $12,-009.62, and the sum of $5,906.43 was due to sub-contractors under the plaintiff, leaving a total balance due to the plaintiff of $6,103.19. It was further reported to the effect that after hearing all the evidence of the parties, the evidence showed, as a whole, that the within contract entered into between the parties for the construction of the building was never agreed upon, or there was never a meeting of the minds of the parties and that a mistake existed between the parties with reference to said contract, and for said reason the written contract was disregarded and that the plaintiff was entitled to recover on a *quantum meruit* and *quantum valebat* basis.

On May 15, 1937, counsel for defendants filed a number of exceptions to the Master's report. Exceptions numbered 1, 2, 3, 4, and 6 are based upon findings of fact, while number 5 excepts on a question of law and that for this reason the Master, as a matter of law, should strike testimony of the several witnesses.

On June 4, 1937, the cause was heard and a decree entered ratifying, approving and confirming the report of the

Special Master and finding the equities of the cause with the plaintiff and entering a decree in conformity with the findings of the Special Master. From the decree an appeal was taken and a number of assignments are urged for a reversal.

It is contended by counsel for defendant below that a written contract for the labor and materials was entered into between the parties regulating the total costs thereof and the pertinent portion thereof is as follows:

"ARTICLE 3A * * * COST OF WORK AND FEE FOR SERVICES.
"(Superseding Article 3, Page 2)

"The Contractor agrees that the total cost of labor and materials necessary for the completion of the work, in accordance with plans, specifications and addenda as hereinbefore outlined shall not exceed FIFTEEN THOUSAND EIGHT HUNDRED AND SIXTY-ONE DOLLARS ($15,861.00), this amount to include the Contractor's fee.

"In consideration of the performance of the contract and upon proper approval of the architects, the owner agrees to pay the contract.........., in current funds, as compensation for his services hereunder, a fee of seven and one-half per cent. (7½%) of the actual cost of labor and materials incorporated in the work. It is mutually agreed that should the cost of the work be less than the upset price, the fee shall be based only on such cost, and should the cost of the work exceed the upset price such excess work shall be performed at no extra charge for services on the part of the Contractor. The fee for work performed in connection with additions or changes to plans and specifications shall be seven and one-half per cent. (7½%) of the cost of labor and materials incorporated in such additions or changes."

The terms of the written contract signed by the parties limited the costs of labor and material to the total sum of

$15,861.00. It is admitted in defendants' answer that the plaintiff furnished labor and materials used in the construction in the total amount of $32,903.93, and of said amount $10,287.75 was for "extras" and the amount thereof duly approved by the defendant. That certain credits and the total amount of payment made by the defendants to the plaintiff reduces the total amount remaining unpaid to the plaintiff to the sum of $6,374.05, which they are ready and willing to pay upon condition that proper releases, receipts and instruments showing full payment are delivered by the plaintiff to the defendants.

It is contended by the plaintiff that the alleged written contract for the labor and material as signed by the parties was for the sole purpose of limiting the amount of the contractor's fee for supervising the construction of the work to $7\frac{1}{2}\%$ of $15,861.00 and for no other purpose. The plaintiff after signing the contract created and became obligated to pay for the said construction for the defendants and a correct statement of the transaction is as follows:

"Total of Requisitions 1 to 9, inclusive, itemized as follows:

| | |
|---|---:|
| "Labor payrolls | 6,351.98 |
| "Materials | 6,853.43 |
| "Sub-Contractors | 16,970.80 |
| "Trucking and Misc. fees | 387.47 |
| "Insurance fees | 503.59 |
| "Contractor's fees | 1,836.66 |
| "Total due | 32,903.93 |

"Less previous payments:

| | |
|---|---:|
| "November 16th, 1935 | $ 2,148.52 |
| "December 6th, 1935 | 1,803.49 |
| "December 11th, 1935 | 2,596.32 |

"December 23rd, 1935 ................ 7,345.98
"January 25th, 1936 ................ 5,000.00
"Paid to C. W. Gustafson on
  account of his contract and
  billed on above requisition ...... 2,000.00
                                    _____
                                    "20,894.31

        "Total paid ........................20,894.31
                                    _____
            "Net balance due ...........12,009.62"

The Master, after hearing the evidence, held that the contract, *supra,* was ambiguous and there was never a meeting of the minds of the plaintiff and defendants. That because of the mutual mistake in connection with the contract between the parties, the same should be considered, in law and equity, as null and void and of no binding effect on the parties to the suit and under the prayer for general relief the owner should be required to pay for the labor, materials, and services furnished and performed on a *quantum meruit* and a *quantum valebat* basis. The report of the Master was ratified, approved and confirmed on final hearing by the Chancellor below.

The question for decision by this Court is, from all the evidence offered in the cause by the respective parties, is there sufficient testimony to support the findings of the court below as expressed in the final decree. We have read the entire record, examined the briefs of counsel and we conclude that there is ample testimony as disclosed by the record to support the findings of fact by the court below. We have an unbroken line of decisions in this Court to the effect that an appellate court cannot reverse the findings of fact by a Chancellor unless it has been made to appear that the findings are clearly erroneous when considering all the

evidence.   See Helland v. Evans, 113 Fla. 839, 152 So. 623, when it was said:

"The case presents a question of the sufficiency of the evidence to support the chancellor's finding.   A rule which this Court has observed from its earliest history is that a chancellor's finding and conclusion on facts will not be disturbed unless the evidence shows clearly that such finding and conclusions are erroneous.   See Waterman v. Higgins, 28 Fla. 660, 10 South. Rep. 97; Fuller v. Fuller, 23 Fla. 236, 2 South. Rep. 426; Lewter v. Price, 25 Fla. 574, 6 South. Rep. 439; Bothamly v. Queal, 58 Fla. 396, 50 South. Rep. 415; Viser v. Willard, 60 Fla. 395, 53 South. Rep. 501; Theisen v. Whiddon, 60 Fla. 372, 53 South. Rep. 642; Bank of Jasper v. Tuten, 62 Fla. 423, 57 South. Rep. 237; Dixon Lumber Co. v. Jennings, 63 Fla. 405, 57 South. Rep. 615; Terra Ceia Estates v. Taylor, 68 Fla. 261, 67 South. Rep. 169; McGill v. Chappelle, 71 Fla. 479, 71 South. Rep. 836; Farrell v. Forest Inv. Co., 73 Fla. 191, 74 South. Rep. 216; Hill v. Beacham, 79 Fla. 430, 85 South. Rep. 147; Sandlin v. Hunter, 70 Fla. 514, 70 South. Rep. 553; Shad v. Smith, 74 Fla. 324, 76 South. Rep. 897; Edney v. Stinson, 90 Fla. 335, 105 South. Rep. 821.

"Where the evidence is conflicting the finding of the Chancellor will not be disturbed unless such finding is clearly shown to be erroneous is a mere corollary to the rule announced above, because the chancellor must consider the evidence, weigh its probative value and determine from the spoken words of the witnesses and such documents as are offered in evidence the truth of the given proposition under consideration by him.   If the finding which he makes from the conflicting statements of witnesses is to be disturbed it must be because the evidence considered in its entirety is clearly irreconcilable with the conclusion reached by him."

The evidence clearly shows that the plaintiff supplied

the owner of the building with labor, materials and services to the total value of $31,201.95 and after allowing credit for all payments made, there remained unpaid the sum of $1,009.62 due to the plaintiff. The owner of the property was benefited to this amount and to find for the defendant owner under a contract not agreed upon as between the parties would mean the retention of the sum without consideration and would be inequitable and unjust. There appears no error in the record and the decree appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.