Verona Burns, *et vir,* John B. Singeltary and City of Sarasota, v. Minerva Campbell, a widow.

180 So. 46.
Division B.
Opinion Filed March 3, 1938.
Rehearing Denied April 13, 1938.

*John B. Singeltary* and *Singeltary, Kirk & Cornwell,* for Appellants;

*Charles M. Williams* and *Paul C. Albritton,* for Appellee.

PER CURIAM.—This cause is before the Court on an appeal from a final decree entered by Honorable W. T. Harrison, Judge of the Circuit Court of Sarasota County, Florida, on September 1, 1936. The decree appealed from was in behalf of the plaintiff below based upon tax certificates numbered 1783, 1956, 909, and 7866, in which the court held that there was due the sum of $2,782.15 as principal, and an additional sum of interest, attorney's fees and costs of foreclosure. A second lien for special assessment

on the same property was decreed in behalf of the City of Sarasota. Twelve different assignments based on the final decree are argued here for reversal. This case is here for the second time. See Burns, *et ux.,* v. Campbell, 120 Fla. 60, 162 So. 155.

It is contended that the land as described in the certificates, *supra,* is insufficient in law to support a decree and it is as follows: "Unplatted portion South and adjoining Lots 2 and 4, Block 1-B, Plat of Sarasota, Section 19, Township 36 South, Range 18 East."

The controlling rule about description of land is, if the description of the land conveyed is such that a surveyor, by applying the rules of surveying, can locate the same, such description is sufficient, and the deed will be sustained if it is possible from the whole description to ascertain and identify the land intended to be conveyed. See: Walker v. Lee, 51 Fla. 360, 40 So. 881; Maynard v. Miller, decided at this term; Ansley v. Graham, 73 Fla. 388, 74 So. 505; Day v. Benesh, 104 Fla. 58, 139 So. 448.

The plaintiff below offered Richard M. Cantey, a registered engineer, who identified the property, and stated that he had surveyed the property two or three times. "Q. Can you definitely state that the property described therein can be definitely and certainly located?" "A. Certainly. This little point is all of the land unplatted in the original plat of Sarasota South of Lots 2 and 4, Block 1-B." The witness identified a map which was offered in evidence as plaintiff's Exhibit No. 1. J. Paul Gaines, a civil engineer, was offered as a witness and testified that he was acquainted with the lands in question and that as Tax Assessor of said County he prepared the description as contained in the certificates, *supra.* "Q. Mr. Gaines, as a civil engineer with thirty-five years of experience, would you say that a surveyor or engineer would have any difficulty in locating the

property described in these certificates?" "A. I see no reason why he would." "Q. Would the surveyor or engineer have to use other than the ordinary rules of surveying?" "A. I would say it could be done without using other than the ordinary rules of surveying." There was no evidence offered on the part of the defendants to the effect that the lands could not be located from the description appearing in the tax certificates. The court below held that the description as a matter of law was sufficient. We think there is ample evidence to sustain the findings of the court below. See Helland v. Evans, 113 Fla. 839, 152 So. 623, when this Court said:

"(1) The case presents a question of the sufficiency of the evidence to support the chancellor's findings. A rule which this court has observed from its earliest history is that a chancellor's finding and conclusion on facts will not be disturbed unless the evidence shows clearly that such finding and conclusions are erroneous. See Waterman v. Higgins, 28 Fla. 660, 10 So. 97; Fuller v. Fuller, 23 Fla. 236, 2 So. 426; Lewter v. Price, 25 Fla. 584, 6 So. 439; Bothamly v. Queal, 58 Fla. 396, 50 So. 415; Viser v. Willard, 60 Fla. 395, 53 So. 501; Theisen v. Whiddon, 60 Fla. 372, 53 So. 642; Bank of Jasper v. Tuten, 62 Fla. 423, 57 So. 238; Dixon Lumber Co. v. Jennings, 63 Fla. 405, 57 So. 615; Terra Ceia Estates v. Taylor, 68 Fla. 261, 67 So. 169; McGill v. Chapelle, 71 Fla. 479, 71 So. 836; Farrell v. Forest Inv. Co., 73 Fla. 191, 74 So. 216; 1 A. L. R. 25; Hill v. Beacham, 79 Fla. 430, 85 So. 147; Sandlin v. Hunter, 70 Fla. 514, 70 So. 553; Shad v. Smith, 74 Fla. 324, 76 So. 897; Edney v. Stinson, 90 Fla. 335, 105 So. 821.

"(2) Where the evidence is conflicting, the finding of the chancellor will not be disturbed unless such finding is clearly shown to be erroneous, is a mere corollary to the rule announced above, because the chancellor must consider

the evidence, weigh its probative value, and determine from the spoken words of the witnesses and such documents as are offered in evidence the truth of the given proposition under consideration by him. If the finding which he makes from the conflicting statements of witnesses is to be disturbed, it must be because the evidence considered in its entirety is clearly irreconcilable with the conclusion reached by him."

It is next contended that the lower court erred in adjudicating a special assessment lien against the property described in the tax certificates in favor of the City of Sarasota. The remedy pursued in obtaining the decree of adjudication on behalf of the City of Sarasota and the evidence supporting the findings of the court as to the existence of the lien is questioned and made one of the assignments of error. We think the record supports the conclusion of the Chancellor on all questions of fact. See Helland v. Evans, *supra*. The remedy was considered and approved in the case of City of Bradenton v. Lee, 120 Fla 100, 162 So. 139, when this Court said:

"The said cases also settle the law in this State to be that one foreclosing a tax lien may make all parties having similar liens except the state parties defendant thereto so that all tax liens and other liens against the property may be adjudicated in the foreclosure suit. If, however, there are tax liens or parties owning them who are not made. parties defendant such tax liens will remain liens upon the property after its sale and conveyance under the foreclosure decree.

"In order to avoid multiple litigation the holder of a tax sale certificate may bring a foreclosure suit to have all unsatisfied tax liens adjudicated and the title cleared of all matured tax liens but such procedure is not mandatory. They may be cleared piecemeal if desired."

The decree appealed from is affirmed.

WHITFIELD, P. J., and BROWN, and CHAPMAN, J. J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.