ROSETTA DIXON, *Appellant,* v. CHARLES S. ADAMS *et al., Appellees.*

### Opinion Filed May 7, 1913.

Where a final decree has been rendered in a suit in equity in favor of the defendants and the bill ordered dismissed, and the sole point presented by the assignments of error is as to the sufficiency of the evidence to support the decree, and the appellate court finds from the reading of the transcript that the complainant has signally failed to sustain the allegations of her bill, such decree must be affirmed.

Appealed from the Circuit Court of Duval County.

Decree affirmed.

*I. L. Purcell* and *W. H. Thompson,* for Appellant;

*Baker & Baker,* for Appellees.

SHACKLEFORD, C. J.—The appellant filed her bill against Charles S. Adams and A. W. Cockrell, Jr., individually and as executors of the last will and testament of Cathe-

rine Simmons, deceased, wherein it was sought to set aside such will, which devised to Charles S. Adams and A. W. Cockrell, Jr., an undivided one-half interest in certain described real estate, upon the ground of the mental incapacity of Catherine Simmons, and upon the further ground that such will was executed under undue influence exerted upon the testatrix by the two devisees. It was alleged therein that Catherine Simmons was an old negro woman, uneducated and unable to read and write, infirm and disordered in mind and body, and that the appellant was the grand-daughter of Catherine Simmons and her sole heir-at-law. Another bill was also filed by the appellant against Charles S. Adams, A. W. Cockrell, Jr., and January Nobles whereby she sought to have set aside and declared void a certain deed of conveyance executed by Catherine Simmons to Charles S. Adams and A. W. Cockrell, Jr., a deed of conveyance and trust executed by Catherine Simmons to January Nobles and a deed of conveyance executed by January Nobles to Charles S. Adams and A. W. Cockrell, upon similar grounds to those alleged in the first bill, and upon the further ground of conspiracy by and between Adams, Cockrell and Nobles. Answers were filed by the defendants, wherein they fully, specifically and positively denied the material allegations of the two bills. After the filing of these answers an order was made consolidating the two causes and a special examiner was appointed to take the testimony offered by the respective parties litigant and report the same to the court.

The two causes came on for final hearing upon the pleadings and the testimony reported by the special examiner. A final decree was rendered, finding the equities with the defendants and dismissing the bills of complaint. From this decree the complainant has entered her appeal. The

sole point presented by the assignments of error for detemination is the correctness of the decree. We do not copy the pleadings or attempt a synopsis thereof or of the evidence, as we see no useful purpose to be accomplished by so doing. It is sufficient to say that every qualified member of the court has carefully read the transcript and our opinion is unanimous that the complainant signally failed to sustain the allegations of her bills. Upon the evidence adduced we do not see how the decree could have been otherwise, therefore the final decree must be affirmed. See Bank of Jasper v. Tuten, 62 Fla. 423, 57 South. Rep. 238 and authorities there cited.

Affirmed.

TAYLOR, HOCKER AND WHITFIELD, J. J., concur.

COCKRELL, J., disqualified.