NOYES (BROWN v.). See Case No. 2,023.

NOYES (NEW JERSEY v.). See Case No. 10,164.

NOYES (RICHARDSON v.). See Case No. 11,792.

---

## Case No. 10,374.

### NOYES v. WILLARD.

[1 Woods, 187.] [1]

Circuit Court, D. Louisiana. Nov. Term, 1871.

PLEADING IN EQUITY — MORE THAN ONE PLEA BY DEFENDANT—WANT OF JURISDICTION — DEMURRER — CITIZENSHIP OF PARTIES — FRAUDULENT JUDGMENT.

1. Defendant in equity has no right as a matter of course to file more than one plea. But when great inconvenience might otherwise result in a particular case, the court will sometimes in its discretion allow several pleas.

2. Where a defendant in equity has filed several pleas without leave of the court, he will be put to his election as to which he will stand upon.

3. In general when a defendant insists by plea upon matter which is apparent on the face of the bill and might be taken advantage of by demurrer, the plea will not hold.

4. Where want of jurisdiction appears upon the face of the bill, the objection should be taken by demurrer.

5. Where an assignee in bankruptcy recovered a fraudulent judgment against an alleged debtor of the bankrupt, and the judgment debtor filed a bill in the circuit court to enjoin execution upon the judgment, held, that the fact that all parties were citizens of the same state did not oust the court of jurisdiction.

[Cited, but not followed, in Winter v. Swinburne, 8 Fed. 51.]

6. The fact that a state statute has provided a remedy at law against a fraudulent judgment does not preclude the judgment debtor from a resort to the equity courts of the United States for relief against it.

[Cited in Benjamin v. Cavaroc, Case No. 1,300.]

7. A sale of a fraudulent judgment at a public vendue of a bankrupt's effects does not confer upon an innocent purchaser the right to enforce payment of the judgment, notwithstanding its fraudulent character.

In equity. This cause was heard upon the sufficiency of defendant's pleas to the bill of complaint.

Henry B. Kelly, for complainant.

A. Micou and B. R. Forman, for defendants.

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

WOODS, Circuit Judge. The bill is filed by Noyes, who alleges himself to be a citizen of Louisiana, against Norton as assignee in bankruptcy of Victor Hebert and against James A. Willard, both of whom are also averred to be citizens of Louisiana. The case made by the bill is in substance this: Among the assets of the bankrupt Hebert which passed to Norton, his assignee in bankruptcy, was a promissory note made by complainant for the payment to the order of Hebert of $1,842, and dated May 22, 1865. Before his bankruptcy, to wit: on the 17th of February, 1866, Hebert, the payee, being then the holder and owner of the note, in consideration of the conveyance by complainant to a trustee of all his property for the benefit of said Hebert and other of his creditors, gave to complainant a full discharge and acquittance of his liability on the note. Notwithstanding this discharge and acquittance, on April 14, 1869, a suit was brought in the name of Norton as assignee, against complainant, in the United States district court for the district of Louisiana, on the note. Upon service of summons in the action complainant called upon Stone, the attorney of Norton, and advised him of the fact of said release and discharge and stated to him that his liability on the note had been extinguished. He was thereupon assured by Stone that the release was satisfactory and that no further proceedings would be taken against complainant in the suit on the note, and that complainant need give himself no further trouble about it. The complainant, trusting in these assurances of Stone, took no steps to defend the suit at law. Nevertheless the suit was fraudulently and clandestinely prosecuted, and on the 4th day of May, 1869, judgment was rendered against complainant in the district court, for the full amount of the note, with interest and costs. The bill alleges that the defense of complainant to the suit at law on the note was a good and sufficient one, and complainant would have made his defense had he not been fraudulently misled by the assurances of Stone, whereby he was prevented from making any defense to the action, either in person or by attorney. The bill further alleges that the defendant Willard claims to have purchased the judgment and to be subrogated to the rights of Norton; had caused a writ of fieri facias to issue on the judgment, by virtue of which, on the 8th day of July, 1871, the United States marshal seized certain property of complainant, and was about to advertise the same for sale to satisfy the judgment. The bill prays for an injunction against Norton and Willard, to restrain them from further proceedings on the writ of fieri facias, and for general relief. If the averments of this bill are true, it is a clear case for the interposition of a court of equity. Accordingly, after notice to the defendants, an injunction was

allowed against them as prayed for in the bill.

The defendant Willard has filed three distinct pleas to the bill of complaint, to the effect: (1) That this court has no jurisdiction of the case, because the complainant and both defendants are citizens of the state of Louisiana. (2) That complainant's remedy, if he has any, is by bill of review or a petition of nullity or other proper proceeding in the district court, or by appeal from said judgment to this court. (3) That the duties of Norton, the assignee of Hebert, have been concluded, and said bankrupt is discharged, and the judgment mentioned in the bill of complainant has been sold by order of the bankrupt commissioner, and the proceeds, with other assets, distributed. Norton also files three pleas identical with the pleas of Willard, except that he adds to the third plea, that since the sale of said judgment he has no interest therein, and has not claimed any and does not claim any, either individually or as assignee. He also appends an answer denying any fraud or deception practiced upon complainant, and any fraudulent combination with his codefendant Willard. These pleas were set down for hearing and the case has been heard upon their sufficiency. The objection to these pleas is obvious, that the defendants have the right, as a matter of course, to file only one plea and not more. The practice of courts of equity does not admit of several pleas except that, where great inconvenience might otherwise result in a particular case, the court will sometimes, in its discretion, allow several pleas. Though a defendant may file a single plea without application to the court, he cannot put in a double plea without such application, and when the court allows double pleas. it is on the condition that the defendants pay the costs. Story, Eq. Pl. § 657.

The defense proper for a plea is such as reduces the cause or some part of it to a single point, and from thence creates a bar to the suit or to the part of it to which the plea applies. 1 Daniell, Ch. Prac. 630; Mitf. Eq. Pl. 219; 1 Smith, Ch. Prac. 217; Goodrich v. Pendleton, 3 Johns. Ch. 384. Each of the pleas filed in this case is intended to be an answer to the whole bill, and as they have been filed without leave, the defendants should be put to their election as to which one they will stand upon. The first and second pleas are also open to the objection that the defenses therein relied on are proper subjects for demurrer and not plea. They do not set up any new fact nor deny any fact alleged in the bill. In general a plea relies upon matters not apparent upon the face of the bill, and in most cases it is a rule that when a defendant insists upon matter by plea which is apparent upon the face of the bill, and might be taken advantage of by demurrer, the plea will not hold. Mitf. Eq. Pl. 219. A demurrer is the proper mode of defense to a bill when any objection is apparent upon the bill itself, either from the matter contained in it or from defects in its frame or in the case made by it. Story, Eq. Pl. § 446. The first and second pleas rely upon matter stated in the bill, as showing a want of jurisdiction in the court. This should therefore have been taken advantage of by demurrer. But waiving objection to the manner in which the defenses of the first and second pleas are set up, we are of opinion that both pleas are bad in substance.

The fact that both complainant and defendants are citizens of Louisiana does not oust this court of jurisdiction of the case. In the suit in which Norton as assignee recovered judgment against the complainant, both parties were citizens of the same state, yet the court had jurisdiction, because the bankrupt law expressly gave it without regard to the citizenship of the parties. The jurisdiction of this court in this case is maintained by virtue of the same law. The last clause of the second section declares that "the circuit court shall have concurrent jurisdiction with the district courts of the district of all suits at law or in equity which may or shall be brought by the assignee in bankruptcy against any person claiming an adverse interest, or by such person against such assignee touching any property or rights of property of said bankrupt transferable to or vested in such assignee." So this court has jurisdiction over this class of cases as it has in admiralty or in controversies arising under the patent or copyright laws without regard to the citizenship of the parties.

The second plea is equally unfortunate. It declares that the remedy of complainant, if he have any, is by bill of review, or a petition of nullity or other proper proceeding in the district court, or by an appeal to this court. A bill of review, or an appeal in an action at law, where a judgment has been recovered upon a promissory note, would be something unheard of in the courts of the United States. As to the proceeding of nullity of judgment, if it is applicable at all to the courts of the United States, it by no means appears from the bill of complaint or pleas that it would avail the complainant, for no vices of form in the judgment are shown, and if the ground of nullity is that the judgment was obtained by fraud, the remedy must be sought in the equity courts of the United States, and not by a proceeding in the nature of an equity proceeding on the law side of the court. But even if this proceeding were open to complainant it would not preclude him from applying to a court of equity to enjoin the execution. Even the allowance of a writ of error would be no obstacle to the granting of an injunction. Parker v. Circuit Court Judges, 12 Wheat. [25 U. S.] 564. In a word, the complainant has not mistaken his reme-

dy. He has adopted the proper course and the only course open to him to relieve himself from the consequences of a gross fraud, if the facts he alleges in his bill be true.

The third plea of the defendants presents no valid defense to the relief sought by the bill. The fact that Norton has administered fully upon the bankrupt's estate, and the bankrupt has been discharged, and the judgment sought to be enjoined has been sold by order of the bankrupt court, and the proceeds distributed with the other assets of the bankrupt's estate, constitutes no reason why this fraudulent judgment should be enforced, and the property of complainant sold to satisfy it. The judgment was not a negotiable instrument, which the purchaser without notice could collect notwithstanding its fraudulent character. Norton is a proper party to the bill, and Willard, the transferee of the judgment, cannot shield himself under the statement that the bankrupt's estate has been fully administered. Neither the plea nor answer of Norton denies that Stone, Norton's attorney and agent, perpetrated the fraud charged in the bill. Willard does not deny the fraud, and the plea set up no facts which constitute the slightest defense to the bill of complaint. The pleas, for the reason stated, are therefore overruled.