PINELLAS PACKING COMPANY, A CORPORATION, *Appellant*, v. CLEARWATER CITRUS GROWERS ASSOCIATION, A CORPORATION, *Appellee.*

Opinion Filed March 25, 1913.

1. A defendant in an equity suit who has a single affirmative defence which will be decisive of the controversy can avoid

VOL. 65, JANUARY TERM, 1913.        341

Pinellas Pkg. Co. v. Clearwater Cit. Gro. Asso.—Opinion of Court.

giving discovery in aid of the case stated in the bill by setting up his defence by a plea. The mode of setting up a defence is the same whether by plea or answer; but no more than one defence can be set up by plea without the special leave of the court, and such leave will not be readily granted; and if it is granted, each defence must be set up by a separate plea.

2. Where a bill in equity is filed for the removal of a cloud from the title to certain described land, and a plea is filed thereto which denies that the complainant is in the actual possession of the land and further denies that the complainant is the owner of the land, such plea contains two separate defences, which is violative of the established rule.

3. The proper method of testing the legal sufficiency of a plea in equity, as a general rule, is to set it down for argument, but where the plea sets up two separate defences the complainant may file a motion to require the defendant to elect which defence he would stand on. The proper order in such a case is that the plea may be set down as an answer at the option of the defendant, or that the defendant must elect which ground of defence he will stand on.

Appealed from the Circuit Court for Pinellas County.

Order modified.

*F. M. Simonton* and *J. F. Glen,* for Appellant;

*Wm. Hunter* and *C. B. Parkhill,* for Appellee.

SHACKLEFORD, C. J.—The appellee filed its bill in chancery against the appellant for the removal of a cloud from the title to certain described lands, the description being followed by the allegation, "of which property the complainant is now the owner, and is now in actual possession." We deem it unnecessary to set forth any of the

other portions of the bill.  The defendant filed the following plea to the bill:

"This defendant by protestation not confessing or acknowledging all or any of the matters and things in the complainant's said bill mentioned to be true in such manner and form as the same are therein and thereby set forth and alleged does plead thereunto, and for a plea says that the premises in the said bill of complaint described were purchased by this defendant from the complainant for stock of this defendant of the par value of Six Thousand Dollars and the assumption by this defendant of the indebtedness against the said premises amounting to the sum of Three Thousand Dollars, which stock was delivered by this defendant to the complainant at the time of the said purchase, and the consideration for the said purchase was a full, adequate and fair consideration therefor, and this defendant purchased the said premises in good faith and entered into possession of the said premises after its purchase, and at the time of filing its said bill of complaint the complainant was neither the owner of said premises nor in the possession thereof as therein alleged, but this defendant at and prior to the filing of the said bill of complaint was both the owner of the said premises and in the actual possession thereof, all of which matters and things this defendant avers to be true, and pleads the same to the whole of the said bill and demands the judgment of this Honorable Court whether it ought to be compelled to make any answer to the said bill of complaint. and prays to be hence dismissed with its reasonable costs in this behalf most wrongfully sustained."

The complainant filed the following motion:

"And now comes the complainant in the above entitled cause by its solicitor William Hunter, and shows to the

court, that the plea therein filed on the 3rd day of August, 1912, by the defendant contains two separate defenses:

1st. That of actual possession.

2nd. That of ownership of the property in litigation.

WHEREFORE the complainant moves the court to require the defendant to elect upon which one of said pleas it will rely."

This motion was sustained by the court, and from that interlocutory order the defendant entered its appeal. There is only one assignment of error, which is as follows:

"The court erred in entertaining the motion of the complainant to require the defendant to elect in respect to its plea filed in this cause on the ground that the court was without authority to require such election in respect to a single plea, and on the ground that the plea was not duplicitous, and on the ground that the remedy of the complainant was to set the plea down for argument, and if the plea on argument should have been overruled, the court would then have directed it to stand for an answer."

Interesting briefs are filed by the able counsel for the respective parties, manifesting a careful investigation of the authorities dealing with the confessedly difficult subject of pleas in equity, but, in view of the conclusion which we have reached, it becomes unnecessary for us to enter upon any extended discussion of the matter. We are still of the opinion, as we held in Ocala Foundry & Machine Works v. Lester & Daniels, 49 Fla. 347, text 367, 38 South. Rep. 56, text 62, that the clearest and most satisfactory discussion of pleas in equity with which we are acquainted is to be found in Langdell's Eq. Pl. (2nd ed.) Chap. IV, part 2. As is said there in Section 98, "A defendant who has a single affirmative defense which

will be decisive of the controversy can avoid giving dis-
covery in aid of the case stated in the bill by setting up
his defense by a plea; and this is the object of pleading
instead of answering. The mode of setting up a defense
is the same whether by plea or answer; but no more than
one defense can be set up by plea without the special
leave of the court, and such leave will not be readily
granted; and if it is granted, each defense must be set
up by a separate plea." We would also call attention to
the statement in Section 99 of the work just cited, "If,
indeed, the defendant is willing to give the plaintiff all
the discovery that he asks for, a plea has no advantage
over an answer, and should never be resorted to," in
connection with the fact that the bill in the instant case
expressly waives the oath to the answer and practically
seeks no discovery from the defendant. Where several
pleas have been filed without leave of the court, we have
held that on motion they might be taken from the files.
Mitchell v. Mason, 61 Fla. 692, 55 South. Rep. 387. It
is also true that in such a case the plaintiff or com-
plainant could by motion compel the defendant to elect
which plea he will stand on, or the court may permit
him to embody the several pleas in his answer. I Street's
Fed. Eq. Pr., Sec. 846. Also see the discussion in the
entire Section, and Noyes v. Williard, 1 Woods 187, Fed.
Cas. No. 10,374, cited in note thereto. This being true,
why would it not be proper, where a single plea was
filed containing two separate defenses, on motion of
the complainant, to require the defendant to elect which
defense he would stand on? Such a plea would clearly
be duplicitous or multifarious, which is condemned. 1
Street's Fed. Eq. Pr. Sec. 851, and authorities cited in the
notes, especially Reissner v. Anness, 3 Bann. & Ard.
148, Fed. Cas. No. 11, 686, which is well in point. In that

case a plea was filed containing three distinct points of defense. The plea was set down for argument by the complainant, who contended that it was bad for duplicity. This contention was sustained by the court in a well-reasoned opinion, wherein it was said, "The proper order in the case is, that the pleas as filed may be set down as an answer at the option of the defendants; and, if they do not choose to do this, that ten days be given them to elect which of the several grounds of defense they will stand on, and when such election is made, that the other grounds be overruled." The defendant contends that such course, setting the plea down for argument, should have been pursued by the complainant in the instant case, and cites Spaulding v. Ellsworth, 39 Fla. 76, 21 South Rep. 812. Undoubtedly this could have been done. As we held in the cited case, "The proper method of testing the legal sufficiency of a plea in equity is to set it down for argument." Suppose this course had been pursued in the instant case, would not the practical consequence or result have been the same as was reached on the motion in the instant case? The answer is obvious. Applying this pragmatic test and finding that either course would have lead to the same result, we fail to see what real difference it would make in the pursuance of either course. Having reached this conclusion as to the course or method to be pursued, we must now determine whether the ruling complained of is correct. Does the plea in question set up two separate and distinct defenses? It seems to us that this question must be answered in the affirmative. If the complainant was not the owner of the lands in question at the time of the institution of the suit, it could not successfully maintain either a suit in equity or an action at law. See Marianna & Blountstown R. R. Co. v. Maund, 62 Fla. 538, 56 South.

Rep. 670; Carn v. Haisley, 22 Fla. 317, text 320; Rose v. Henderson, 63 Fla. 564, text 589, 59 South. Rep. 138, text 146. On the other hand, even though the complainant was the owner of the lands in question at the time of the institution of the suit, if it was not in the possession thereof, such lands not being wild or unoccupied, it could not maintain a suit in equity for the removal of a cloud from title, as we have several times held, though it might be able to prevail at law in an action of ejectment. See Graham v. Florida Land & Mortg. Co., 33 Fla. 356, 14 South. Rep. 796, and Levy v. Ladd, 35 Fla. 391, 17 South. Rep. 635. We have not lost sight of Section 1872 of the General Statutes of 1906, which is cited to us by the defendant. This statute is identical with Equity Rule 50, which we had occasion to construe in Theison v. Whidden, 60 Fla. 372, 53 South. Rep. 642, and which construction we now fully approve, but we fail to see wherein it helps the contention of the defendant. We would also refer to our discussion of pleas in equity in Harvey v. Morgan, 58 Fla. 427, 51 South. Rep. 140.

It seems to us that the ends of justice would be best subserved by such an order as was made in Reissner v. Anness, *supra*, which we have copied herein. The order will be modified. If the defendant shall elect so to do, within ten days after the going down of the mandate of this court, its pleas may stand as an answer to the bill. If the defendant fails to avail itself of this option, then the order appealed from will stand affirmed, and the defendant must elect which ground of defense set up in its plea it will stand on. The costs of this appeal will be equally divided between the appellant and appellee.

Order modified.

TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J., concur.