PINELLAS PACKING COMPANY, A CORPORATION, *Appellant,* v. CLEARWATER CITRUS GROWERS ASSOCIATION, A CORPORATION, *Appellee.*

Opinion Filed May 11, 1914.

EQUITY PRACTICE, EXCEPTIONS TO PLEA ALLOWED TO— STAND AS AN ANSWER. EXCEPTIONS FOR INSUFFICIENC ' DOES NOT LIE TO AN ANSWER WHERE OATH TO SUCH ANSWER IS EXPRESSLY WAIVED WHEN THE BILL TO WHICH IT IS THE ANSWER IS NOT ESSENTIALLY ONE FOR DISCOVERY.

1. Where the court by an order permits a plea to stand as an answer to the bill, without reserving to the complainant the right to except to such plea considered as an answer, this is tantamount to a decision by the court that said plea when so considered as an answer presents a good defense to the relief sought, and under these circumstances the complainant has no right to except thereto. Where a plea is to the relief only, and it is directed to stand for an answer, the words "with liberty to except" may be added, otherwise it is established as a good answer, and there is no right of excepting thereto for insufficiency.

2 The settled rule is that, exceptions for insufficiency will not lie to an answer to a bill that is not essentially one for discovery, and that expressly waives an answer under oath.

Appealed from Circuit Court for Pinellas County; F M. Robles, Judge.

28—Vol. 67.

Order reversed.

*James F. Glenn,* for Appellant;

*William Hunter,* for Appellee.

Taylor, J.—The appellee as complainant below filed its bill in equity against the appellant as defendant below in the Circuit Court of Pinellas County praying therein for the cancellation of a deed conveying real estate as a cloud on the complainant's title. The bill expressly waives answer under oath. To the bill the defendant filed a plea. The complainant then filed a motion to require the defendant to elect upon which one of two separate defenses alleged to be set up in said plea it would rely. The court below granted this motion, and the defendant appealed to this court from such interlocutory order. This court in review of such order, modified the same by permitting the defendant to elect to have its said plea stand as an answer to the bill, saying nothing with reference to permitting the complainant to except to such plea as an answer to the bill. Pinellas Packing Company v. Clearwater Citrus Growers Association, 65 Fla. 340, 61 South. Rep. 625. The defendant promptly upon the decision here filed its election to allow its plea to stand as an answer to the bill. Whereupon the complainant without leave of this court, filed exceptions to the said plea treated as an answer for insufficiency. The court below made an order sustaining said exceptions, and this order the defendant below brings here now for review by appeal.

This order was erroneous, for two reasons: (1) Because the order of this court on the former appeal permitting the defendant to elect to have its plea stand as an answer to the bill, did not reserve to the complainant the right to except to such plea considered as an answer.

This was tantamount to a decision ·by this court that said plea when so considered presented a good defense to the relief sought, and under these circumstances the complainant had no right to except thereto. Where a plea is to the relief only, and it is directed to stand for an answer, the words "with liberty to except" must be added, otherwise it is established as a good answer. Maitland v. Wilson, 3 Atkyns 814; Sellon v. Lewen, 3 Pere Williams 239; Orcutt v. Orms, 3 Paige Chy. 458; Coke v. Wilcocks, Moseley's Rep. *74; Kirby v. Taylor, 6 John's Chy. 242; McCormick v. Chamberlin & Moore, 11 Paige Chy. 543; Beall v. Blake, 10 Ga. 449; 1 Daniel's Chy. Pl. & Pr. 700; Story's Eq. Pl. (10th ed.) paragraph 699; 1 Ency. Pl. & Pr. 901; 3 Am. & Eng. Ency. of Law & Practice 1402.

(2) The order appealed from was further erroneous because the settled rule is that, exceptions for insufficiency will not lie to an answer to a bill that is not essentially one for discovery, and that expressly waives an answer under oath. Indiana Mfg. Co. v. Nichols & Shepard Co., 190 Fed. Rep. 579; United States v. McLaughlin, 24 Fed. Rep. 823; Goodwin v. Bishop, 145 Ill. 421, 34 N. E. Rep. 47; Sheppard v. Akers, 1 Tenn. Chy. 326; McCormick v. Chamberlain & Moore, 11 Paige Chy. 543; Fletcher's Eq. Pl. & Pr., paragraph 335.

The order of the court below appealed from in said cause is hereby reversed, with directions to strike the complainant's exceptions to the answer of the defendant from the files. The costs of this appeal to be taxed against the appellee.

SHACKLEFORD, C. J., AND COCKRELL, HOCKER AND WHITFIELD, J. J., concur.