TERRA CEIA ESTATES, a Corporation, ET AL., *Appellants*, v.
NANNIE E. TAYLOR, ET AL., *Appellees*.

Opinion Filed November 17, 1914.

1. When a defendant in a suit in equity incorporates in his an-
swer to the bill a general demurrer, whereby he attacks the
equity of the bill, it is only at the final hearing of the cause
that such demurrer can be insisted upon, though it should
be called to the attention of the court at that time before the
merits are gone into.

2. Under the provisions of Rule 18, Supreme Court Rules, adopt-
ed March 2, 1905, (page 11 of such rules prefixed to 51 Fla.
37 South. Rep. viii), no objection will be allowed to be taken
in the appellate court to the admissibility of any evidence,
oral or documentary, found in the record in a chancery cause,
unless the record affirmatively shows that the objection
thereto was presented to the chancellor, and expressly ruled
upon by him in the court below, at or before the final hear-
ing of the cause. Every matter, purporting to be evidence,
found copied by the clerk into the record in such cause, will
be presumed to have been used in evidence in the court below,
unless the record affirmatively shows the contrary.

3. While the findings and conclusions of a chancellor, where the
testimony is not taken before him, but before a master or ex-
aminer, by reason whereof he is not afforded an opportunity
of seeing and hearing the witnesses, are not entitled to the
same weight as the verdict of a jury, yet even in that case
they should not be disturbed by an appellate court, unless
they are clearly shown to be erroneous.

4. While the statutory proceeding for partition may not be used

as a substitute for the action of ejectment to try the title to lands, or used merely for the purpose of establishing rights or titles, yet where the *bona fide* object of a suit is the partition of lands between the common owners thereof, some of whom are complainants and the others are defendants, and some of the parties to the suit are in actual or constructive possession of the lands, then all controversies between the parties as to the legal title and right of possession may and should be settled by the court, as authorized by the statute, even though some of the joint owners claim adversely under a legal title, or dispute the title or right of the others to possession. And the statute authorizing this to be done in partition proceedings is not violative of the constitutional right to a jury trial.

5. Where in a partition suit, in order to administer full and complete justice to all the parties litigant and to settle all questions raised, it becomes necessary for the court to determine whether or not any of the land to which one of the defendants asserts the ownership and possession forms a part of the lands of which partition is sought, and it appears that such question cannot be determined in the partition suit, no error is committed by the trial court in making an order staying further proceedings in the partition suit until the interest of such defendant "may be determined in such proceedings as may be properly instituted by the parties." Where the complainant, under such order, files a bill in equity against such defendant so asserting ownership and possession, as well as the other defendant to quiet the title to the lands of which partition is sought, and no objection is interposed by either defendant to the jurisdiction of the equity court, an appellate court is warranted in assuming that such defendants consented to such proceedings in the forum of equity and will not permit such question to be raised and enquired into for the first time in the appellate court.

6. Where a defendant has filed an answer in a partition suit wherein he relies upon adverse possession for the requisite statutory period as a defense and at a hearing upon the pleadings and testimony taken before a special master, the

finding is against the defendant upon such issue, and an order is made staying further proceedings in such suit until the interest of another defendant to such suit as to the ownership of certain land might be determined in such other proceedings as might be properly instituted by the parties and the complainant files a bill in equity against each of the defendants to quiet the title to the lands in the partition suit, and the defendant who had already had the issue of adverse possession decided adversely to him, files a plea to such bill in which he again relies upon adverse possession and testimony is taken and the cause comes on for hearing, no error. is committed by the trial court in proceeding to render a final decree therein without giving such defendant leave to file an answer, especially since no request was made by such defendant for leave to file an answer.

7. No error is committed by the trial court in consolidating a suit for partition and a suit to quiet title, at the final hearing and rendering a final decree, disposing of each of them, when the parties are the same and also the subject-matter.

8. In equity. as well as at law, every presumption is in favor of the correctness of the rulings of the trial judge, and a final decree rendered by him, based largely or solely upon questions of fact, will not be reversed unless the evidence clearly shows that it was erroneous.

Appeal from Circuit Court for Manatee County; F. A. Whitney, Judge.

Decree affirmed.

*C. C. Whitaker, Chas. T. Curry* and *Singeltary & Reaves,* for Appellants;

*J. L. Collier* and *W. B. S. Crichlow,* for Appellees.

SHACKLEFORD, C. J.—On the 31st day of July, 1906, Nan-

nie E. Taylor and others filed their amended bill of complaint against the Terra Ceia Estates, a corporation, and Millie A. Prime, wherein, among other allegations which it is unnecessary to set forth or specify, it was alleged that the complainants and the Terra Ceia Estates were seized as tenants in common of Lots Two (2) and Four (4) of Section Twenty-three (23) in Township Thirty-three (33) South, of Range Seventeen (17) East, containing 96.24 acres, situated in the county of Manatee and State of Florida, of which the complainants, who were seven in number, were each entitled to two parts, such lands being treated as consisting of twenty-one equal shares, making the complainants entitled to fourteen of such parts or shares, and the Terra Ceia Estates was entitled to seven of such parts or shares, and it was prayed that such lands might be partitioned between the complainants and such defendant in accordance with the foregoing allegations. It was further alleged that the other defendant, Millie A. Prime, claimed some interest in the lands, the nature and extent of which was unknown to the complainants. The Terra Ceia Estates filed an answer in which it asserted that more than seven years prior to the filing of the bill it had entered into the possession of the lands in question, founding its claim thereto upon a written instrument as being a conveyance thereof, and had held such possession "actually and notoriously against the whole world; that said possession has been actual, exclusive, visible, notorious, hostile and continued for a period of seven years prior to the 24th day of November, A. D. 1905." Millie A. Prime filed an answer, which contained the following averment:

"This defendant denies that she has or claims any right, title, or interest in or to said lots, numbered 2 and 4 of Section 23, Township 33 South, Range 17 East, in Mana-

tee County, Florida, containing 96 24-100 acres, or any part, or portion thereof, but the defendant says that she does own, claim and possess considerable land adjoining the said lot 4 on the East, that said lots 2 and 4 were surveyed by the United States 'according to the official plat of the survey of said lands,' and the acreage given in said patent from the United States to the heirs of James A. Taylor, deceased, is 96 24-100 acres, and this defendant says that according to the official plat of the survey of said lands, the southeast corner of said lot 4 is located on the Section Line between Sections 23 and 26, at a point 6 chains west of the Southeast corner of said Section 23, and that the East boundary line of said lot 4 is six chains west of the Section Line forming the eastern boundary of Section 23, thereby leaving a strip of land 6 chains wide at the South end and, on account of the slight variation of the eastern boundary of said lot 4, the said strip is slightly more than six chains wide at the North end, which said strip does not belong to, or form any part of said lot 4, or of lot 2 according to the Government survey and plat thereof, and it is this strip of land, not forming part of it, or included in the survey of said lots 2 and 4 by the Government, together with certain other lands likewise not surveyed, and not included in the said lots 2 and 4, which said other lands lie east of the Section Line between Sections 23 and 24 that this defendant owns, claims and possesses; the lands of said Defendant being more particularly described as follows, to-wit: Beginning at Southeast corner of Section 24, run thence East 13 chains, thence North 41 1-2 chains, thence West 13 chains to Section Line dividing Sections 23 and 24, Township 33, Range 17 East, thence South along said Section Line 41 1-2 chains to the place of beginning, containing 26 50-100 acres.

Also beginning at southeast corner of Section 23, Tp.

33 South, Range 17 East, running thence West six chains, thence North 41 50-100 chains variation 4 degrees and 30 minutes east, thence East 1 50 chains to the section line dividing Sections 23 and 24 said Tp. and Range, thence South along said Section to the place of beginning, containing 52 20-100 acres, upon which is located a bearing orange grove; the first piece above described being in Section 24, and the last described piece in Section 23, all in Tp. 33 South, of Range 17 East, according to a survey of the same. All of which this defendant is ready to aver and prove, and prays to be hence dismissed, with her reasonable costs and expenses in this behalf most wrongfully sustained."

Replications were filed to each of the answers and a special master was appointed to take the testimony, before whom quite a volume of testimony was adduced by the respective parties litigant. On the 9th day of November, 1912, the court made the following order:

"The above cause coming on to be heard, the court having listened to the oral argument of the counsel representing both complainants and defendants and also upon an inspection of the pleadings and proofs in said cause, together with the written briefs of counsel for all the parties, and the court being satisfied in the premises, makes the following findings, viz.: 1st, that the Terra Ceia Estates failed to sustain its claim of adverse possession by sufficient proof, to the premises described in the pleadings; 2nd. that the complainants and Terra Ceia Estates are tenants in common of said premises; and 3rd., that Mrs. Prime, claiming through an independent source of title her interests, if any she has, cannot be determined in this suit for partition.

It is therefore ordered, adjudged and decreed that the

defendant Terra Ceia Estates has failed to establish its claim of adverse possession by sufficient proof and that it, the said Terra Ceia Estates and complainants, Nannie E. Taylor *et als.*, are tenants in common of the said premises.

It is further ordered, adjudged and decreed that further proceedings in this cause be stayed until the interests of Mrs. Prime may be determined in such proceedings as may be properly instituted by the parties."

On the 12th day of November, 1912, Nannie E. Taylor and the other complainants in the suit in which the foregoing order was made, filed their bill against the Terra Ceia Estates and Millie A. Prime, in which they alleged that the complainants jointly with the Terra Ceia Estates were the owners of the two lots, being the same lands which were in controversy in the other suit, "that no person is in actual possession of said premises or any part thereof," and that Millie A. Prime claims some interest in and to a portion of such lands, the nature and extent of which is unknown to the complainants, which "claim is hostile and adverse to complainants and casts a cloud upon their title." The prayer of this bill is as follows: "Now therefore, the premises considered, your complainants pray that the said defendant, Mrs. Millie A. Prime, be required to set forth the nature and extent of her said claim; that the claim of said defendant be declared null and void, and that she be enjoined from asserting any claim to the said premises whatsoever." To this bill Millie A. Prime filed her answer, containing the same averments which were in her answer to the bill filed in the other suit and which we have copied above. Upon information and belief such defendant admitted that no person was in the actual possession of the lands described in the bill or any portion thereof. To this bill the Terra Ceia Estates filed the following plea: "That this defendant,

at the time of the filing of complainants' bill of complaint and for a long time prior to said date, was, and still is, in the adverse possession of Government lots 2 and 4 of Section 23, Tp. 33 South, Range 17 East, in Manatee County, Florida, holding the adverse possession thereof under color of title, openly, notoriously and continuously against the complainants and all other persons claiming any interest therein, all of which matters and things this defendant avers to be true and pleads the same to the whole of said bill and demands the judgment of this Honorable Court whether it ought to be compelled to make any answer to said bill of complaint and prays to be hence dismissed with its reasonable costs in this behalf most wrongfully sustained." Replications were filed both to the answer and the plea and a special master was appointed to take the testimony which might be offered by the respective parties. On the 26th day of December, 1913, the following final decree was rendered in the two suits:

"It appearing to the court that both of the above styled causes are at issue, that the testimony has been taken therein, and each of said causes has been submitted to the court for final hearing, and has been extensively argued by counsel for all of the parties in interest, both complainant and defendant; and it appearing to the court that the equities in each case are with the complainants as against the Terra Ceia Estates, and that the complainants are entitled to a portion of the property involved, as prayed for in the bill; and it further appearing that the court has jurisdiction of the parties to said suits, and each of them, and also of the subject matter involved in each of said causes, and that one decree can be entered covering and fully adjudicating all of the rights and interests of the various parties to each of said actions; that said partition proceedings were held in abeyance until the

Prime interest could be adjudicated as it appeared she was claiming under an independent source of title;

It is, therefore, upon consideration, ordered, adjudged and decreed that the said causes for the purpose of this decree be, and the same are hereby consolidated.

It is further ordered, adjudged and decreed that the property involved in said partition suit, namely, Lots numbered 2 and 4 of Section 23, in Township 33 South, of Range 17 East, containing 96.24 acres, and lying and being in Manatee County, Florida, is owned by the complainants and the defendant, The Terra Ceia Estates, and that each of said complainants and said defendant have an interest and title in said property as follows, to-wit: Nannie E. Taylor is seized in fee simple of a 2-21 undivided interest; Jep Taylor is seized in fee simple of a 2-21 undivided interest; Jesse Taylor is seized in fee simple of a 2-21 undivided interest; Reuben Taylor is seized in fee simple of a 2-21 undivided interest; Eva Augusta Taylor is seized in fee simple of a 2-21 undivided interest; Nelson Taylor is seized in fee simple of a 2-21 undivided interest; Irene Taylor is seized in fee simple of a 2-21 undivided interest; and The Terra Ceia Estates, a corporation, is seized in fee simple of a 7-21 undivided interest.

It is further ordered, adjudged and decreed that the complainants are entitled to a partition of said property, and it is hereby ordered and decreed that partition be made of the same, allowing and setting off to each of said complainants and to the said defendant, in severalty, a share and interest in and to said property equal to his or her undivided interest in the whole, as herein above set forth.

It is further ordered, adjudged and decreed that W. A. Halsey and John Friorson and H. S. Clark, all of Mana-

tee County, Florida, being three suitable and competent persons, be, and they are hereby appointed to act as commissioners in making a partition of said property in accordance with this decree. And after having made a partition of said property allotting and setting off, to each of the said parties hereinabove named the share and portion of said property belonging to him or her according to the terms of this decree, it is ordered that the said commissioners shall report their actions to this court without delay.

It is further ordered, adjudged and decreed that the complainants and the defendant, The Terra Ceia Estates, shall each bear and pay their respective parts of the costs of this court in each of the foregoing causes, said cost to be taxed by the Clerk of the Court, and including a reasonable attorney's fee for the complainants' solicitors, to be hereafter fixed by the court according to the evidence in said partition suit and the report of the commissioners, and that the said cost shall be apportioned and paid by each of said parties in proportion to his or her interest as hereinabove set forth.

Relative to the issues made in the above styled suit to quiet title, the court finds that the defendant, Millie A. Prime, disclaims all interest, claim and title in Lots 2 and 4, the property involved herein, but sets up and asserts claim to other property adjoining the said Lots 2 and 4 on the east, which said property so claimed by the said defendant, Millie A. Prime, is described as follows, to-wit: Beginning at the Southeast corner of Section 24, run thence East 13 chains, thence North 41 1-2 chains, thence West 13 chains to section line dividing Sections 23 and 24, Township 33, Range 17 East, thence South along said Section line 41 1-2 chains to the place of beginning, containing 26 50-100 acres. Also beginning at

southeast corner of Section 23, Township 33 South, Range 17 East, running thence west 6 chains, thence north 41 50-100 chains variation 40 degrees and 30' east, thence 150 chains to the section line dividing Sections 23 and 24, said Township and Range, thence south along said section to the place of beginning, containing 52 20-100 acres, upon which is located a bearing orange grove; the first piece above described being in Section 24, and the last described piece in Section 23, all in Township 33 South of Range 17 East, according to the survey of same.

The court, after mature consideration and exhaustive argument by counsel for the respective parties, is of the opinion that the said land above described, as claimed by the defendant, Millie A. Prime, do not constitute or compose any part of the said Lots 2 and 4, but that the said lands are separate and distinct and lie outside of the boundary of said Lots 2 and 4.

It is further, upon consideration, ordered, adjudged and decreed that the said bill as to the defendant, Millie A. Prime, be, and the same is hereby dismissed at the costs of the complainants, and the defendant, The Terra Ceia Estates, to be borne and paid by them in proportion to their relative and prospective interests in the property, as hereinabove set forth."

From this decree an appeal was entered in the names of both defendants, the Terra Ceia Estates and Millie A. Prime, and an order of severance obtained as to Millie A. Prime. Fifteen errors have been assigned and elaborate briefs have been filed by the respective parties, including Millie A. Prime, who states that she is satisfied with the decree and asks that it be affirmed.

We have carefully read the transcript and the briefs of the parties litigant and have considered the errors which

have been assigned, though we do not consider it necessary to discuss the assignments in detail. A demurrer was incorporated in its answer by the Terra Ceia Estates to the amended bill for partition which does not seem to have been specifically passed upon. As we held in McRainey v. Jarrell, 59 Fla. 587, 52 South. Rep. 304: "When a defendant in a suit in equity incorporates in his answer to the bill a general demurrer, whereby he attacks the equity of the bill, it is only at the final hearing of the cause that such demurrer can be called up for disposition, though it should be called to the attention of the court at that time before the merits are gone into." So far as we are informed by the transcript, this demurrer was not called to the attention of the court at the final hearing of the cause before the merits of the cause were gone into, or even subsequently thereto, and a ruling invoked thereon. This being true, in the absence of any ruling thereon, we cannot consider the grounds of the demurrer. Suffice it to say that no fundamental or jurisdictional defects in the bill are pointed out or made to appear. We also call attention to the fact that the special masters appointed were not empowered or authorized to make any rulings or findings but only to take the testimony and that they did not attempt to make any rulings upon the many objections interposed to proffered evidence or the motions to strike out, but it does not appear that any of such matters were ever brought to the attention of the Circuit Judge and ruled upon by him. See Barnes & Jessup Co. v. Williams, 64 Fla. 190, 60 South. Rep. 787, wherein, following prior decisions of this court, we held as follows: "Under the provisions of Rule 18, Supreme Court Rules, adopted March 2, 1905 (page 11 of such rules prefixed to 51 Fla., 37 South. Rep. viii), no objections will be allowed to be taken in the appellate court to the admissibility of any

evidence, oral or documentary, found in the record in a chancery cause, unless the record affirmatively shows that the objection thereto was presented to the chancellor, and expressly ruled upon by him in the court below, at or before the final hearing of the cause. Every matter purporting to be evidence, found copied by the clerk into the record in such cause, will be presumed to have been used in evidence in the court below, unless the record affirmatively shows the contrary."

After considering all the evidence adduced which we find copied into the transcript of the record we are of the opinion that no error has been made to appear in the findings of the Circuit Judge to the effect that the Terra Ceia Estates had failed to establish its claim of adverse possession of the lands in question for the statutory period by sufficient proof, as it was incumbent upon it to do, and that the complainants and such defendant were tenants in common of such lands. As we have repeatedly ruled, "While the findings and conclusions of a chancellor, where the testimony is not taken before him, but before a master or examiner, by reason whereof he is not afforded an opportunity of seeing and hearing the witnesses, are not entitled to the same weight as the verdict of a jury, yet even in that case they should not be disturbed by an appellate court, unless they are clearly shown to be erroneous." See Barnes & Jessup Co. v. Williams, *supra,* and Baxter v. Liddon, 62 Fla. 428, 56 South. Rep. 410. We adhere to and fully approve of the following doctrine, which we have several times announced: "While the statutory proceeding for partition may not be used as a substitute for the action of ejectment to try the title to lands, or used merely for the purpose of establishing rights or titles, yet where the *bona fide* object of a suit is the partition of lands between the common owners thereof, some of whom are com-

plainants and the others are defendants, and some of the parties to the suit are in actual or constructive possession of the lands, then all controversies between the parties as to the legal title and right of possession may and should be settled by the court, as authorized by the statute, even though some of the joint owners claim adversely under a legal title, or dispute the title or right of the others to possession. And the statute authorizing this to be done in partition proceedings is not violative of the constitutional right to a jury trial." See Christopher v. Mungen, 61 Fla. 513, 55 South. Rep. 273, wherein prior decisions of this court will be found cited. We think that upon the showing made the Circuit Judge was warranted in holding that the *bona fide* object of the suit was the partition of the lands embraced therein between the common owners thereof and in retaining the same and proceeding to determine all the controversies between the parties as to the legal title and right of possession. We would refer particularly to the discussion in Camp Phosphate Co. v. Anderson, 48 Fla. 226, 37 South. Rep. 722, 111 Amer. St. Rep. 77.

As to that portion of the order complained of which recites that Millie A. Prime claims through an independent source of title and that her interest, if any she has, cannot be determined in the suit for partition, therefore further proceedings were ordered stayed until the interests of Millie A. Prime might be determined in such proceedings as might be properly instituted by the parties, we think that the course pursued by the Circuit Judge is to be commended. Having determined, and, we think, correctly, as we have already said, that the *bona fide* object of the suit was for partition and wishing to do full and complete justice between the parties, we do not well see how a more appropriate course could have been pursued. In

Saratosa Ice, Fish & Power Co. v. Lyle & Co., 53 Fla. 1069, text 1074, 43 South. Rep. 602, text 603, we quoted, with our full approval, the following sentence from the opinion of Mr. Justice Gray in Hefner v. Northwestern Mutual Life Ins. Co., 123 U. S. 747, text 756, 8 Sup. Ct. Rep. 337: "As was said by Lord Chancellor Talbot, and repeated by Chief Justice Marshall: 'The court of equity in all cases delights to do complete justice, and not by halves.'" See also our discussion in Capital City Bank v. Hilson, 64 Fla. 206, text 225, 60 South. Rep. 189, text 195. It will be observed from the answer of Millie A. Prime to the amended bill for partition, which we have copied above, that, although she expressly disclaimed any right, title or interest to the two lots in controversy, yet she asserted her ownership and possession of certain described land, none of which she claimed belonged to or was embraced in either of such two lots. It had developed from the evidence which had been taken that a small orange grove was upon this land described by Millie A. Prime, which had formed a bone of contention between Millie A. Prime and the Terra Ceia Estates, the latter claiming that such grove was situated upon the two lots of which partition was sought and that by reason of its adverse possession of such orange grove for the statutory period it based its exclusive claim to all of the land in controversy. In order to administer full and complete justice to all the parties litigant and to settle all the questions raised it became necessary for the court to determine whether or not any of the land described by Millie A. Prime, to which she asserted ownership, did form a part of the two lots of which partition was sought. The Terra Ceia Estates was contending that it did.

It will be observed that the court, in its order, did not state or intimate what proceedings should be instituted

by the parties, but left them free to take whatever course they might be advised. The complainants elected to file a bill against Millie A. Prime and the Terra Ceia Estates to quiet the title to the lands of which partition was sought. We have copied above the prayer of the bill which sought relief against Millie A. Prime. No objection was interposed by either defendant to the jurisdiction of the equity court, therefore we must assume that they consented to such proceedings in the forum of equity, and such question cannot now be raised and enquired into for the first time. See Rives v. Summers, 33 Fla. 539, 15 South. Rep. 319, and Williams v. Wetmore, 51 Fla. 614, 41 South. Rep. 545. The Terra Ceia Estates filed a plea, which we have copied above, wherein it still relied upon adverse possession of the two lots of which partition was sought, as it had done in its answer filed to the bill in such partition proceedings, and Millie A. Prime filed an answer wherein she made substantially the same defense that she had made in her answer to the bill for partition. As we have already said, replications were filed to both the plea and answer and a special master was appointed to take the testimony. The cause came on for a final hearing, which resulted in the rendering of the final decree which we have copied above. The Terra Ceia Estates complains that the court erred in not allowing or ordering it to answer the bill upon the overruling of the plea. It does not appear that such defendant sought to file an answer. The sole defense set up by it in each suit was adverse possession and as to that the court had already found against it in the partition suit, just as it did in the last suit. We think that such finding was amply sustained by the evidence. The only possession shown was that of the small orange grove, as to which a "scrambling" possession seemed to have gone on for several years between

the agents and employes of the Terra Ceia Estates and Millie A. Prime. We do not think that the evidence establishes adverse possession for the statutory period by the Terra Ceia Estates of such grove, so, even if it had been shown that such grove formed a part of and was situated upon the two lots of which partition was sought, the defense relied upon by such defendant had failed. This being true, we do not think that the court erred in proceeding to a final decree, without granting leave to or ordering the Terra Ceia Estates to file an answer. We fail to see wherein any useful purpose could have been accomplished by so doing. We bear in mind our holding in Theisen v. Whidden, 60 Fla. 372, 53 South. Rep. 642; South Florida Citrus Land Co. v. Waldin, 61 Fla. 766, 55 South. Rep. 862; Pinellas Packing Co. v. Clearwater Citrus Growers' Association, 65 Fla. 340, 61 South. Rep. 625, but we do not see how that holding, under the circumstances developed in this case, can avail such defendant. It would seem to have been afforded ample opportunity to make any defense which it had.

We are further of the opinion that the court was warranted in finding from the evidence adduced that the lands described by Millie A. Prime in her answers, of which she claimed the ownership, formed no part of the land described in and embraced in the partition suit. The evidence, as it appears in the transcript of the record, is somewhat confused, but after a careful study thereof we think that it sustains the conclusion reached by the Circuit Judge. We see no occasion to discuss the evidence or to attempt an analysis of it. As we have oftentimes held, "In equity, as well as at law, every presumption is in favor of the correctness of the ruling of the trial judge, and a decree rendered by him based largely upon questions of fact will not be reversed, unless the evi-

dence clearly shows that it was erroneous." See Theisen v. Whidden, *supra,* and authorities therein cited. We see no objection to the consolidation at the final hearing of these two suits and in the disposition of each of them by one decree. We will add that the original bill in the partition suit was filed on the 24th day of November, 1905, and the final decree was not rendered until the 31st day of December, 1913, therefore it is high time that this protracted litigation should be terminated. No reversible errors having been made to appear and believing that substantial justice has been administered to the respective parties litigant, it is ordered that the final decree be affirmed, the costs of these proceedings to be taxed against the Terra Ceia Estates.

Decree affirmed.

TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J., concur.