PINELLAS PACKING COMPANY, *Appellant*, v. CLEARWATER CITRUS GROWERS' ASSOCIATION, *Appellee*.

Opinion filed February 13, 1918.

1. The rule is that the prayer for relief in a chancery suit must be predicated upon appropriate allegations of the bill and that the nature and extent of the relief granted is determined by the pleadings in the cause and the proof in support of the allegations of the pleadings.

2. Under the prayer for general relief any relief may be given which the nature of the case may require and which is agreeable to the case made by the pleadings and proof and not inconsistent with the relief specifically prayed for

3. The Chancellor having found that the deed upon which the defendant based its claim to the property involved was fraudulent and should therefore be cancelled, was warranted in proceeding to make his decree effectual by directing that the defendant restore to the complainant the possession of the property of which it had wrongfully, about the time of the institution of the suit, dispossessed him.

Appeal from Circuit Court for Pinellas County, O. K. Reaves, Judge.

Order affirmed.

*Sparkman & Carter* and *Jas. F. Glen*, for Appellant;

*Howard P. Macfarlane*, for Appellee.

WEST, J.—This is the fourth time, in the course of this litigation, that this case has reached this court, and it has been brought up each time by the party who was defendant in the court below. Pinellas Packing Co. v. Clearwater Citrus Growers' Ass'n. 65 Fla. 340, 61 South. Rep. 625; 67 Fla. 433, 65 South. Rep. 591; 72 Fla. 592, 72 South. Rep. 1028.

The case on this appeal is in small compass. It involves the single question of the validity of the provision of the final decree entered in the case directing the surrender by the appellant of the possession of the property involved to the appellee. Counsel for the respective parties agree upon this statement of the question which is presented for the court's consideration.

Upon the appeal, immediately preceding this appeal, the final decree entered in the case was affirmed by this court. In that decree the Chancellor directed the possession of the property involved to be restored to the complainant. On this point the decree is in the following language: that defendant restore to complainant on or before the 1st day of September, 1915, possession of the premises hereinbefore described upon which defendant wrongfully entered on the 17th day of June, 1912. and which it has wrongfully continued to hold since that date."

After the mandate of this court had gone down, upon petition of complainant therefor and answer of defendant, it was ordered that the defendant surrender possession of the premises described to the complainant, and that a writ of possession issue directing the sheriff to put the complainant in possession of said premises.

From the order thus made this appeal is taken.

Errors assigned are based upon this order, and the contention is made that the provison of the final decree requiring the surrender of the possession of the property is outside the issues made by the pleadings and is therefore void.

The pertinent allegations of the bill of complaint for the purpose of this enquiry are briefly stated in substance as follows: that the complainant, the Clearwater Citrus' Growers Association, is a corporation not for profit, having no capital stock, organized as a horticultural association under the statutes of this State; that it has acquired and now owns and is in actual possession of certain described real estate; that prior to the institution of this suit certain of the members of said association including the officers and directors having become dissatisfied, determined to do so and did form a new corporation called the Pinellas Packing Co pany, and conveyed to it the property so acquired and held by the complainant, upon which was located its packing house of the value approximately of six or seven thousand dollars; that for various reasons said transfer and conveyance was unauthorized, illegal and void, and that an attempted ratification thereof was ineffectual; that no consideration whatever was received by complainant for said conveyance and said deed is a cloud upon complainant's title to said property.

The prayer is that the deed of conveyance made by complainant to defendant may be decreed to be null and void, and the record thereof cancelled; that the defendant, its officers, agents and employes may be enjoined from interfering with complainant's occupance, possession and use of said premises, and for general relief.

There is contained in the final decree the following finding: "However, possession on the part of complain-

250    SUPREME COURT OF FLORIDA.

Pinellas Packing Co. v. Clearwater C. G. Asso.—Opinion of Court.

ant has been established. The deed in question was executed on the 29th day of February, 1912. Complainant thereafter remained in possession without dispute until some time in May when defendant demanded possession. Thereupon complainant further secured its possession by changing the locks barring the doors and nailing up the windows and defendant never occupied or possessed said premises until the day suit was instituted, when by its officers it entered the premises without permission and against the will of complainant, and therefore unlawfully from one to two hours before the bill of complaint was filed. Such occupancy as this will not deprive equity of jurisdiction for two reasons,—first, because it was on the same day and complainant being admittedly in possession when the day began must in the eyes of the law be considered to hold throughout the day; and second, a tortuous occupancy or, 'Scrambling possession' should not deprive complainant of his right to sue in equity."

The rule is that the prayer for relief in a chancery suit must be predicated upon appropriate allegations of the bill and that the nature and extent of the relief granted is determined by the pleadings in the cause and the proof in support of the allegations of the pleadings.

It is also well settled that under the prayer for general relief any relief may be given which the nature of the case may require and which is agreeable to the case made by the pleadings and proof and not inconsistent with the relief specifically prayed for. Story's Equity Pleading, Sec. 40; Pensacola & Georgia and Atlantic & Gulf Central R. R. Co. v. Spratt & Callahan, 12 Fla. 26; Sherman v. Fall River Iron Works, 2 Allen (Mass.) 524; Raper v. Sanders, 21 Gratt. (Va.) 60; Dodge v. Evans, 43 Miss. 570; McMillan v. James, 105 Ill. 194; DePerez

v. DeEverett, 73 Tex. 431, 11 S. W. Rep. 388; Tyler v. Savage, 143 U. S. 79, 12 Sup. Ct. Rep. 340.

It appeared from the testimony that contemporaneously with the institution of the suit the defendant wrongfully and unlawfully dispossessed the complainant and entered into possession of the property. But the Chancellor held that such possession was not sufficient to oust the jurisdiction of a court of equity, found the equities of the case to be with the complainant, decreed that the deed from complainant to defendant be cancelled and declared of no force and effect and that the defendant restore the possession of the property to the complainant. As we have seen this decree was upon appeal to this court affirmed.

It is perfectly clear, we think, that the court below having found and decreed that the deed upon which the defendant based its claim to the property was fraudulent and should therefore be cancelled, was warranted upon the pleadings and proof as we find them in the record, in proceeding to make its decree effectual by directing that the defendant restore to the complainant the possession of the property of which it had wrongfully, about the time of the institution of the suit, dispossessed him.

In the case of DePerez v. DeEverett, *supra*, the Supreme Court of Texas, in considering a case in which the facts were almost identical with the facts in this case, said: "If plaintiff was entitled to a cancellation of the deed, she was entitled to complete relief, under the prayer for general relief; and, if defendant had by virtue of the deed obtained possession of the land, upon cancellation plaintiff was entitled to writ of possession,— in short, to have every right or advantage obtained under the deed annulled."

In this view of the case the provision of the final decree directing that the complainant be put into the possession of the property is conformable with the case established by him, and that being true it follows that the question presented on this appeal was foreclosed on the previous appeal in this case.

The order will be affirmed.

BROWNE, C. J. AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.