J. H. THERRELL, AS LIQUIDATOR, v. EDWARD GILCHRIST, *et al.*

149 So., 574.
Division B.
Opinion Filed July 13, 1933.

*John J. Lindsey* and *Willam A. Lane,* for Appellants;
*Botts & Field,* for Appellee.

·BUFORD, J.—The appeal here is from an order striking certain portions of certain paragraphs of the answer filed by the Liquidator in the representative capacity to a bill of complaint exhibited for the purpose of having adjudicated certain certificates held by the complainants to be liens prior in dignity to certain receiver's certificates; to impress such lien as a prior claim on certain trust property held by the Liquidator; and for such other relief as might be found proper. The allegations contained in the portions of the answer which were stricken were based upon information and belief and in effect averred that the complainants, being holders of certain participating certificates issued by a trustee and evidencing the interest of the owners thereof in and to a certain mortgage which constituted a first lien on certain property, agreed and consented that an order might be made by the Circuit Court then having jurisdiction of the *corpus* of the estate and of the parties at interest authorizing the receiver theretofore appointed by the court to issue receiver's certificate in the sum of $200,000.00 for the purpose of improving the property embraced in the mortgage on which the participating certificates were issued and that the lien of the mortgage on which the participating certificates were based should become and be subordinated to the lien established by the receiver's certificates issued to procure the money to accomplish the improvement contemplated.

It appears to us that each and every of the paragraphs of the answer which were stricken were in some degree responsive to the allegations of the bill of complaint to which they were addressed and that, therefore, the motion to strike should have been denied, though it would have been proper, had the Chancellor seen fit to do so, to have required of the defendant a better statement of the particulars and facts constituting the alleged agreement and consent of the parties that the first lien theretofore existing be subordinated to a later lien to be created by the issuing of receiver's certificates. Sec. 25, 1931 Chancery Acts; F. E. C. Ry. Co. v. Eno; 99 Fla. 887, 123 Sou. 622, and cases there cited.

The bill of complaint waived answer under oath. In Pinellas Packing Co. v. Clearwater Citrus Growers Association, 67 Fla. 433, 65 Sou. 591, this Court said:

"The order appealed from was further erroneous because the settled rule is that exceptions for insufficiency will not lie for an answer to a bill that is not essentially one for discovery and that expressly waives an answer under oath." Cited, Fletcher's Equity Pleading & Practice, paragraph 435.

The authority cited enunciates this rule, saying:

"Exceptions for insufficiency will not lie for an answer of a corporation under its corporate seal, nor for an answer of an infant, nor for an answer of the Attorney General; nor to an answer to which the oath of the defendant is waived, because such an answer is not evidence for the party making it." .

See also Szabo, et al., v. Speckman, 73 Fla. 374, 74 Sou. Rep. 411, and Holgate, et al., v. Jones, 94 Fla. 198, 113 Sou. Rep. 714.

For the reasons stated, the order appealed from is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed.

Davis, C. J., and Whitfield, Ellis and Terrell, J. J., concur.