J. L. HAMILTON, *et ux.*, v. E. C. ROWELL.

188 So. 94.
Division B.
Opinion Filed April 14, 1939.

228

*Carroll W. Fussell,* for Appellants;

*C. Rogers Wells,* for Appellee.

PER CURIAM.—This case is here for review on appeal from a final decree dated February 1, 1938, entered by the Circuit Court of Sumter County, Florida. The records shows that a bill of complaint was filed in the Circuit Court of Sumter County on the 22nd day of July, 1937, for the purpose of foreclosing a mortgage. The bill of complaint was in the usual form and attached thereto were a mortgage and note in the sum of $250.00. The defendants filed a motion to dismiss. Testimony was taken before a Special Master, and, after hearing all the evidence offered by the respective parties, made his report to the Circuit Court of Sumter County, Florida. On February 1, 1938, the Court entered a final decree finding the equities of the cause in behalf of the plaintiff below, and from the evidence made a finding as to the amount due as principal, interest and attorney's fees as expressed in the note and mortgage; and likewise decreed a sale of the property therein described for the payment of the amount decreed to be due.

It is contended in this Court that the evidence is insufficient to sustain the final decree. This Court has repeatedly held that there is a presumption of correctness of the rulings of the lower court and on appeal the burden is on the person asserting error to show that error exists in the record. We fail to find, in our examination of the record here, error committed by the lower court.

Where the evidence is conflicting the findings of a chancellor will not be disturbed unless such findings are clearly shown to be erroneous This rule has been observed by this Court from its earliest history. See Waterman v. Higgins, 28 Fla. 660, 10 So. 97; Fuller v. Fuller, 23 Fla. 236, 2 So. 426; Lewter v. Price, 25 Fla. 574, 6 So. 439;

Bothamly v. Queal, 58 Fla. 396, 50 So. 415; Viser v. Willard, 60 Fla. 395, 53 So. 501; Theisen v. Whiddon, 60 Fla. 372, 53 So. 642; Bank of Jasper v. Tu.en, 62 Fla 423, 57 So. 238; Dixon Lumber Co. v. Jennings, 63 Fla. 405, 57 So. 615; Terra Ceia Estates v. Taylor, 68 Fla. 261, 67 So. 169; McGill v. Chappelle, 71 Fla. 479, 71 So. 836; Farrell v. Forest Inv. Co., 73 Fla. 191, 74 So. 216, 1 A. L. R. 25; Hill v. Beacham, 79 Fla. 430, 85 So. 147; Sandlin v. Hunter, 70 Fla. 514, 70 So. 553; Shad v. Smith, 74 Fla. 324, 76 So. 897; Edney v. Stinson, 90 Fla. 335, 105 So. 821.

The decree appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices THOMAS and BUFORD, not participating as authorized By Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.